Robert Volynsky, Esq. (SBN 310600)
Email: rvolynsky@srf.law
Sichenzia Ross Ference LLP
1185 Avenue of the Americas, 37th Floor
New York, New York 10036
Telephone: (212) 930-9700
Facsimile: (212) 930-9725

Arash Shirdel, Esq. (SBN 247754)
Email: ashirdel@pacificpremierlaw.com
Pacific Premier Law Group
200 Sandpointe Avenue, Suite 500
Santa Ana, California 92707
Telephone: (949) 629-3690
Facsimile: (949) 313-0995

*Attorneys for Milton C. Ault III, Amos Kohn, William B. Horne, Jeff Bentz, Mordechai Rosenberg, Robert O. Smith, and Kristine Ault*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ETHAN YOUNG and GREG YOUNG, Derivatively on Behalf of Nominal Defendant, DPW HOLDINGS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MILTON C. AULT III, AMOS KOHN WILLIAM B. HORNE, JEFF BENTZ, MORDECHAI ROSENBERG, ROBERT O. SMITH, and KRISTINE AULT, <br><br> Defendants, <br><br> and <br><br> DPW HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 2:18-cv-6587 (SJO) (PLA) <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b)(6) and 23.1** <br><br> Judge:  Hon. S. James Otero <br><br> Date:    **February 4, 2019** <br> Time:   **10:00 a.m.** <br> Courtroom: **350 West 1st Street** <br>                       **Courtroom 10C** <br>                       **Los Angeles, CA 90012** <br><br> **[Reply Declaration of Robert Volynsky Concurrently Filed]** |

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................... ii

**ARGUMENT** ..............................................................................................................1

I.     The Ault Related-Party Transactions and the Kohn Related-Party Transaction are Separate and Distinct Claims for Which the Court Must Conduct a Separate Director Analysis When Determining Demand Futility ...................................................................................1

II.    Bentz, Rosenberg, Smith, and Horne are Independent Directors Who Should Review the Kohn Related-Party Transaction Claim ...........................2

III.   Bentz, Rosenberg, Smith, and Kohn are Independent Directors Who Should Review the Ault Related-Party Transactions Claim ...........................3

IV.   The Court Should Dismiss the Breach of Fiduciary Duty of Care Claims .............................................................................................5

**CONCLUSION** .........................................................................................................5

# TABLE OF AUTHORITIES

Cases

Carr v. New Enter. Assocs.,
 No. 2017-0381, 2018 Del. Ch. LEXIS 100 (Del. Ch. Mar. 26, 2018) ............... 1, 2

Chen v. Howard-Anderson,
 87 A.3d 648 (Del. Ch. 2014) ................................................................................ 5

Friedman v. Beningson,
 No. 12232, 1995 Del. Ch. LEXIS 154 (Del. Ch. Dec. 4, 1995) ............................ 3

In re Dole Foods Co. S'holder Litig.,
 No. 8703, 2015 Del. Ch. LEXIS 223 (Del. Ch. Aug. 27, 2015) ........................... 5

In re EZCORP Inc.,
 No. 9962, 2016 Del. Ch. LEXIS 14 (Del. Ch. Jan. 25, 2016) ............................... 3

In re Hansen Med. Inc. S'holder Litig.,
 No. 12316, 2018 Del. Ch. LEXIS 197 (Del. Ch. June 18, 2018) ......................... 5

In re Nat'l Auto Credit S'holder Litig.,
 No. 19028, 2003 Del. Ch. LEXIS 5 (Del. Ch. Jan. 10, 2003) ........................... 1, 2

Liberty Media Corp. v. Bank of New York Mellon Tr. Co.,
 No. 5702, 2011 Del. Ch. LEXIS 66 (Del. Ch. Apr. 29, 2011) .............................. 2

Mizel v. Connelly,
 No. 16638, 1999 Del. Ch. LEXIS 157 (Del. Ch. July 22, 1999) .......................... 4

Wood v. Baum,
 953 A.2d 136 (Del. 2008) ...................................................................................... 4

# ARGUMENT

**I.    The Ault Related-Party Transactions and the Kohn Related-Party Transaction are Separate and Distinct Claims for Which the Court Must Conduct a Separate Director Analysis When Determining Demand Futility**

Plaintiffs do not attack a recent or single related-party transaction.  Rather, they reach-back nearly two years to aggregate and challenge a potpourri of disclosed related-party transactions in an effort to evade the demand requirement.  Delaware Courts, however, conduct the demand futility analysis on a "claim-by-claim basis." *Carr v. New Enter. Assocs.*, No. 2017-0381, 2018 Del. Ch. LEXIS 100, *34 (Del. Ch. Mar. 26, 2018).  When deciding whether, as here, a sequence of related-party transactions are to be viewed as separate claims or a collective claim, the Courts review the circumstances surrounding the challenged transactions "to decide whether it can be reasonably inferred that those transactions constituted a single, self-interested scheme." *In re Nat'l Auto Credit S'holder Litig.*, No. 19028, 2003 Del. Ch. LEXIS 5, *34 (Del. Ch. Jan. 10, 2003).  Delaware Courts will often utilize the step-transaction doctrine to determine if related transactions constitute a single transaction or differing transactions. *Carr*, 2018 Del. Ch. LEXIS 100, *18-19.  The step-transaction doctrine evaluates the related-party transaction, under one of three tests.  *Id.*  First, under the end result test, the doctrine will be invoked if it appears that a series of separate transactions were prearranged parts of what was a single transaction, cast from the outset to achieve the ultimate result.  *Id.*  Second, under the interdependent test, separate transactions will be treated as one if the steps are so interdependent that the legal relations created by one transaction would have been fruitless without a completion of the series.  *Id.*  Finally, under the binding-commitment test, a series of transactions are combined only if, at the time the first step is entered into, there was a binding commitment to undertake the later steps.  *Id.*

Here, the several Ault related-party transactions occurred between October 2016 and March 2018 and involved DPW loaning monies to Avalanche International Corp. ("Avalanche") and Alzamend Neuro, Inc. ("Alzamend")  (Compl. ¶103, 110).  The single

Kohn related-party transaction occurred in May 2017 and concerned a property in Israel. (*Id*. ¶186). On their face, the unrelated Ault transactions and the Kohn transaction do not meet the end result test because they do not infer or imply that they were prearranged parts of what was a single transaction. *Carr,* 2018 Del. Ch. LEXIS 100, *18. So too, the unrelated Ault and Kohn transactions do not satisfy the interdependent test because they are not so interdependent that the Kohn property transaction would have been fruitless without completing the Ault related loans to Avalanche or Alzamend. *Id.* Finally, the unrelated transactions do not satisfy the binding commitment test because the Ault related transactions were not undertaken as part of a binding commitment to engage in the Kohn related transaction. Indeed, the two separate and distinct director-related transactions occurred months apart, which is a factor weighted heavily by the Courts. *See Nat'l Auto*, 2003 Del. Ch. LEXIS 5, *34 (timing of the transactions factors significantly into the Court's decision); *Liberty Media Corp. v. Bank of New York Mellon Tr. Co.,* No. 5702, 2011 Del. Ch. LEXIS 66, *46-48 (Del. Ch. Apr. 29, 2011) (each transaction was a distinct corporate event separated from the others over the course of more than a year).

Therefore, the Court must conduct a demand futility analysis for the Ault related-party transactions and the Kohn related transaction based on the directors who would be reviewing the demand for each claim.

## II.   Bentz, Rosenberg, Smith, and Horne are Independent Directors Who Should Review the Kohn Related-Party Transaction Claim

There is no allegation in the Complaint that would imply or suggest that directors Bentz, Rosenberg, Smith or Horne are beholden to Kohn and could not independently review the Kohn related-party transaction. (*See* Compl.). The Complaint does not allege that Kohn had any voting control over DPW, and it is devoid of any particulars concerning ties between Kohn and either Horne, Smith, Rosenberg or Bentz. (*Id.* ¶¶37, 282 (Horne), 44, 295 (Smith), 45, 301 (Rosenberg), 46, 306 (Bentz)).

With respect to being disinterested, Plaintiffs argue that DPW's exculpation clause does not cover Horne as an officer and, as a result, he is not disinterested. (Opp. at pp. 7-

8).  Horne was not a DPW Officer at the time of the Kohn related-party transaction; consequently, he could not have any non-exculpated liability based on this transaction. (Declaration of Robert Volynsky [Dck. No. 25] (the "Volynsky Decl.") Ex. D at p. 63).

Accordingly, there is a majority of independent and disinterested directors who could exercise their business judgment in responding to a demand concerning the Kohn related-party transaction.

### III. Bentz, Rosenberg, Smith, and Kohn are Independent Directors Who Should Review the Ault Related-Party Transactions Claim

Plaintiffs argue that Bentz, Rosenberg, Smith, and Kohn are not independent directors because they are beholden to Ault based on various bald assertions.  (*See* Opp. at pp. 5-8).  For instance, Plaintiffs argue that these directors are not independent because an Ault-controlled entity appointed them to the Board.  (*Id.* at p. 2).  A "director's nomination or election by an interested party is, standing alone, insufficient to raise a reasonable doubt about his or her independence."  *In re EZCORP Inc.,* No. 9962, 2016 Del. Ch. LEXIS 14, *132 (Del. Ch. Jan. 25, 2016).  Plaintiffs then argue that these directors are beholden to Ault because he has control over their positions by virtue of his ownership in DPW. (*See* Opp. at pp. 5-6).  While the Opposition makes a passing reference that Ault, *initially*, controlled "40% of DPW's common stock,"  (*see* Opp. at p. 2), the reality is, as of April 13, 2018 – a few months before the Complaint was filed, Ault's beneficial ownership of voting securities had been reduced to 12.60%.  (Reply Declaration of Robert Volynsky (the "Volynsky Reply Decl.") Ex. BB at pp. 71-71).[1] Thus, Ault's alleged voting influence is dramatically smaller and far less than the interested parties in Plaintiffs' cited authorities.  *See EZCORP Inc.*, 2016 Del. Ch. LEXIS 14, *4 (interested party controlled 100% of voting power); *Friedman v. Beningson*, No. 12232, 1995 Del. Ch. LEXIS 154, at *3 (Del. Ch. Dec. 4, 1995) (interested party owned

---

[1] Defendants request that the Court take judicial notice of this and other SEC Filings cited herein for the reasons set forth in their Request For Judicial Notice [Dck. No. 26].

36% of outstanding stock); *Mizel v. Connelly*, No. 16638, 1999 Del. Ch. LEXIS 157, *8, n.1 (Del. Ch. July 22, 1999) (interested party controlled 32.7% of voting shares). Ault is also not a member of any of the Board's Committees, including its Compensation and Nominating and Governance Committees. (Volynsky Decl. Ex. D, pp. 62-63). Plaintiffs further argue that Bentz, Rosenberg, Smith, and Kohn are not independent directors because of their business, personal, and/or employment relationships with Ault. (*See* Opp. at pp. 5-7). The Complaint, however, does not allege any outside relationship between Ault and either Bentz, Rosenberg, Smith, or Kohn – other than their positions as DPW's directors or positions in DPW's subsidiaries. (Compl. ¶¶39, 291 (Kohn), 44, 295 (Smith), 45, 301 (Rosenberg), 46, 306 (Bentz)). Finally, Plaintiffs argue that Rosenberg and Smith received "lucrative" compensation as Directors (*see* Opp. at pp. 9-10); however, they each received only annual payments of $20,000 and $30,000, respectively, as well as options that vest over a four-year period, are out-of-the-money, and have since been approved by DPW's stockholders. (*See* Compl. at ¶¶44-45; Volynsky Decl. Ex. Z at p. 21; Volynsky Reply Decl. Ex. CC at Item 5.07). Therefore, there is no reasonable doubt that Kohn, Smith, Rosenberg, and Bentz are independent.

These Directors are also disinterested because they do not face a substantial likelihood of liability in connection with the Ault related-party transactions. With respect to those transactions, Kohn, Smith, Rosenberg, and Bentz acted as Directors when they approved each transaction. DPW's Certificate of Incorporation exculpates them from liability for such acts, and the Complaint does not set forth any factual allegations of bad faith by any of these directors in connection with the Ault related-party transactions. (*See* Moving Brief at Point IV(B)). Indeed, their approval of the Ault related party-transactions, "even one that later proves to be improper, without more, is an insufficient basis to infer culpable knowledge or bad faith on the part of individual directors." *Wood v. Baum*, 953 A.2d 136, 141 (Del. 2008).

Accordingly, there is a majority of independent and disinterested directors who could exercise their business judgment in responding to a demand concerning the Ault

related-party transactions.

### IV. The Court Should Dismiss the Breach of Fiduciary Duty of Care Claims

Plaintiffs do not dispute that DPW's Certificate of Incorporation exculpates the Directors from the breach of the fiduciary duty of care claims. Rather, they correctly assert that the exculpatory provision of Delaware law does not apply to Officers. (Opp. at p. 8). The Complaint, however, does not assert any specific claim against either Ault, Horne, or Kohn in their capacity as Officers based on their conduct *as Officers*. (*See* Compl.) The Complaint merely lumps them together as "the Officer/Director Defendants" without alleging any specific conduct by any of them as a DPW Officer. (*Id.*). To survive a motion to dismiss, the Complaint must allege conduct that each of them engaged in their capacity as an Officer. *See Chen v. Howard-Anderson*, 87 A.3d 648, 687 (Del. Ch. 2014) (discussing specific actions taken "as officers" that were outside of the protection of the exculpatory provision); *In re Hansen Med. Inc. S'holder Litig.*, No. 12316, 2018 Del. Ch. LEXIS 197, *28-29 (Del. Ch. June 18, 2018) (discussing misstatements made by director in "his capacity as a officer" in a proxy that would give rise to a non-exculpated claim); *In re Dole Foods Co. S'holder Litig.*, No. 8703, 2015 Del. Ch. LEXIS 223, *133-34 (Del. Ch. Aug. 27, 2015) (listing actions taken as officer/general counsel – and not as a director – that were not protected by the exculpatory provision). Therefore, the Court should dismiss the breach of fiduciary of duty of care claims because the exculpatory provision bars the claims against the Directors and the Complaint does not allege any non-exculpatory claims against Ault, Horne, or Kohn based on their actions as Officers.

### CONCLUSION

For the foregoing reasons, the Court should grant the motion to dismiss.

Dated:  January 21, 2019            SICHENZIA ROSS FERENCE LLP

By:   /s/ *Robert Volynsky*
ROBERT VOLYNSKY (SBN 310600)
Attorneys for Defendants