Robert Volynsky, Esq. (SBN 310600)
Email: rvolynsky@srf.law
Sichenzia Ross Ference LLP
1185 Avenue of the Americas, 37th Floor
New York, New York 10036
Telephone: (212) 930-9700
Facsimile: (212) 930-9725

Arash Shirdel, Esq. (SBN 247754)
Email: ashirdel@pacificpremierlaw.com
Pacific Premier Law Group
200 Sandpointe Avenue, Suite 500
Santa Ana, California 92707
Telephone: (949) 629-3690
Facsimile: (949) 313-0995

*Attorneys for Defendants and
Nominal Defendant*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN YOUNG and GREG YOUNG, Derivatively on Behalf of Nominal Defendant, DPW HOLDINGS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MILTON C. AULT III, AMOS KOHN WILLIAM B. HORNE, JEFF BENTZ, MORDECHAI ROSENBERG, ROBERT O. SMITH, and KRISTINE AULT, <br><br> Defendants, <br><br> and <br><br> DPW HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 2:18-cv-6587 (SJO) (PLA) <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)** <br><br> Judge: Hon. S. James Otero <br><br> Date: **May 6, 2019** <br> Time: **10:00 a.m.** <br> Courtroom: **350 West 1st Street** <br> **Courtroom 10C** <br> **Los Angeles, CA 90012** |

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ........................................................................ ii

I.    The Court Should Dismiss the Claims Against
      Smith, Rosenberg and Bentz ........................................................... 1

II.   Claims Based on Compensation Awarded ....................................... 2

III.  Claims Based on the Future Receipts Agreements .......................... 2

IV.   Claims Based on Stock Issuances .................................................... 3

V.    Claims Based on Cryptocurrency ..................................................... 3

VI.   Claims Against K. Ault .................................................................... 4

VII.  The Unjust Enrichment Claims ........................................................ 5

VIII. Conclusion ........................................................................................ 5

# TABLE OF AUTHORITIES

Cases

Bodell v. General Gas & Elec. Corp.,
 140 A. 264 (Del. 1927) .......................................................................... 3

Bonner v. Melo,
 No. 17-cv-4719, 2018 U.S. Dist. LEXIS 122941 (N.D. Ca. July 23, 2018).......... 3

In re Bidz.com, Inc. Deriv. Litig.,
 773 F.Supp.2d 844 (C.D. Ca. 2011) ....................................................... 2

In re Cornerstone Therapeutics, Inc. S'holder Litig.,
 115 A.3d 1173 (Del. 2015) ...................................................................... 1

In re Inv'rs Bancorp, Inc. Stockholder Litig.,
 177 A.3d 1208 (Del. 2017).................................................................. 2, 4

In re Tyson Foods, Inc. Consol. S'holder Litig.,
 919 A.2d 563 (Del. Ch. 2007) ............................................................... 4

King v. VeriFone Holdings, Inc.,
 12 A.3d 1140 (Del. 2011) ...................................................................... 1

Lavin v. West Corp.,
 No. 2017-0547, 2017 Del. Ch. LEXIS 866 (Del. Ch. Dec. 29, 2017) ................... 1

NY Capital Asset Corp. v. F&B Fuel Oil Co.,
 No. 58499/2017, 2018 N.Y. Misc. LEXIS 786
 (Sup. Ct. West. Co. Mar. 8, 2018)...................................................... 2, 3

Wilkin v. Narachi,
 No. 12412, 2018 Del. Ch. LEXIS 70 (Del. Ch. Feb. 28, 2018) ........................... 3

Wilkinson Floor Covering, Inv. v. Cap Call, LLC,
 No. 160256/2016, 2018 N.Y. Misc. LEXIS 1845
 (Sup. Ct. N.Y. Co. May 16, 2018)........................................................ 2

Statutes/Rules

Del. Code. Ann. 8, §220 (2018)............................................................................................ 1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    The Court Should Dismiss the Claims Against Smith, Rosenberg and Bentz**

The Court's Order stated that "[t]he only facts that would implicate any liability against Defendants Smith, Rosenberg and Bentz are those actions Plaintiffs allege were taken by 'the Company' or the committees on which those Defendants were apart, including 'the Compensation Committee,' 'the Audit Committee,' or 'the NG Committee'" and that such lack of specificity rendered it "impossible for the Court to determine the nature of the liability as to each of the individual directors acting within 'the Company' or specific committee." [DE 42] (the "Order" at p. 14). Notwithstanding a direction to identify factual allegations specific to each of these individual defendants, Plaintiffs admit the Amended Complaint put them into one of "three groups" and purported to attribute conduct to them as one of two "subgroups". (Opp. at p. 6). This pleading is plainly insufficient and it provides no factual allegations of wrongdoing by each of these individuals. (*Id.*). While Plaintiffs argue that the conduct of one committee member is "imputed" to all members, Plaintiffs cite no authority for this sweeping proposition. (*Id.* at p. 14). Plaintiffs then argue that "it is not Plaintiffs' burden at the pleading stage to describe the actions of each committee member behind closed doors;" however, Plaintiffs are required to set forth non-exculpatory claims and factual allegations of bad faith by each director. *See In re Cornerstone Therapeutics, Inc. S'holder Litig.*, 115 A.3d 1173, 1176 (Del. 2015). Further, there is a procedural mechanism for Plaintiffs to have obtained factual allegations of what occurred "behind closed doors": a pre-suit Section 220 books-and-records demand. Del. Code. Ann. 8, §220 (2018); *see e.g.*, *Lavin v. West Corp.*, No. 2017-0547, 2017 Del. Ch. LEXIS 866, *16, 19 (Del. Ch. Dec. 29, 2017) (Delaware Courts encourage stockholders to "use the tools at hand (*e.g.*, Section 220)" to gather information prior to filing suit); *King v. VeriFone Holdings, Inc.*, 12 A.3d 1140, 1143 (Del. 2011) (stockholders encouraged to pursue Section 220 Demand to investigate particular facts to show corporate wrongdoing for pleading purposes). Plaintiffs decided not to make a §220 Demand. Rather, they

lumped Smith, Rosenberg, and Bentz together and asserted bald, conclusory allegations against them as a group or subgroup.

## II.  Claims Based on Compensation Awarded

Plaintiffs opine that the compensation awarded to DPW's Officers and Directors was excessive without factual allegations attributed to specific individuals and without authority.  The Amended Complaint does not set forth factual allegations that any individual voted on their own compensation; rather, it asserts conclusory sentences, such as, "[t]he conduct by Smith, Rosenberg and Bentz was in bad faith."  (Am. Compl. ¶331). Such bald allegations are insufficient to support a breach of fiduciary duty claim. *See In re Bidz.com, Inc. Deriv. Litig.*, 773 F.Supp.2d 844, 854 (C.D. Ca. 2011).

Moreover, while Plaintiffs argue that the equity compensation awarded was excessive, they ignore the fact that DPW's stockholders *approved* the equity compensation awarded to the Officers and Directors.  *See* [DE 25-24 at Item 5.07 ("Kohn")]; Volynsky Decl. at Ex. Z at pp. 17 (Ault), 19 (Horne), 21 (Directors); [DE 40-2 at Item 5.07 (stockholders approving Ault, Horne and Director's equity compensation)]. Stockholder approval bars a claim for excessive compensation.  *See e.g., In re Inv'rs Bancorp, Inc. Stockholder Litig.*, 177 A.3d 1208, 1211 (Del. 2017).

## III.  Claims Based on the Future Receipts Agreements

Plaintiffs opine that the Future Receipts Agreements are "prima facie unfair agreements" but they do not provide any authority to support this bald conclusion.  (Opp. pp. 16-17).  Rather, they seek to distinguish one of Defendants' authorities, *Wilkinson Floor Covering, Inv. v. Cap Call, LLC*, No. 160256/2016, 2018 N.Y. Misc. LEXIS 1845, *5-6 (Sup. Ct. N.Y. Co. May 16, 2018), which involved the same type of agreement from the same entity that is identified in the Amended Complaint – TVT Capital LLC, but the Court did not find the agreement either usurious or unreasonable.  *Id.*  Plaintiffs also ignored the Court's decision in *NY Capital Asset Corp. v. F&B Fuel Oil Co.,* which noted that the "purchase and sale of future receivables and sales proceeds [such as the Future Receipts Agreements] . . . are common commercial transactions expressly contemplated

by the Uniform Commercial Code." No. 58499/2017, 2018 N.Y. Misc. LEXIS 786, *15 (Sup. Ct. West. Co. Mar. 8, 2018). Thus, the Court should dismiss the claims premised upon the Future Receipts Agreements.

## IV.   Claims Based on Stock Issuances

Plaintiffs do not dispute that DPW issued stock to third-parties to raise capital. (Opp. at p. 18). Rather, they take issue that the stock issuances allegedly diluted their holdings, (Am. Compl. ¶¶140, 169), but fail to address the authorities holding that the corporation's ability to secure funds from stock sales manifests an advantage for the corporation and its stockholders. *See e.g., Bodell v. General Gas & Elec. Corp.*, 140 A. 264, 267 (Del. 1927). They ignore the fact that, prior to Ault becoming a Director and DPW issuing stock, the NYSE was going to delist DPW from its exchange. (Volynsky Decl. Ex. R at p. 20). After Ault raised capital for DPW, through stock issuances, DPW regained compliance with the NYSE continued listing standards and its stock has continued to be listed on the NYSE. (*Id.* Ex. U at Item 3.02 and Ex. V at Item 8.01).

## V.   Claims Based on Cryptocurrency

The Opposition chides Defendants for not addressing the allegation that the Directors breached their fiduciary duties when the "Company" made statements concerning its investments in Super Crypto. (Opp. at p. 19). The 117 page Amended Complaint, however, does not attribute any statement made to any specific Board member, other than a single presentation made at the LD Micro Conference by Ault. (Am. Compl. ¶¶172-180). When a derivative claim against a director is based on "providing information in the absence of a request for shareholder action, a stockholder must allege that he received false communications from directors who were deliberately misinforming shareholders about the business of the corporation." *Wilkin v. Narachi*, No. 12412, 2018 Del. Ch. LEXIS 70, *33-34 (Del. Ch. Feb. 28, 2018); *Bonner v. Melo*, No. 17-cv-4719, 2018 U.S. Dist. LEXIS 122941, *10 (N.D. Ca. July 23, 2018). "When shareholder action is absent, plaintiff must show reliance, causation and damages in order to establish a breach of the duty of loyalty." *Wilkin*, 2018 Del. Ch. LEXIS 70, at *34. A

complaint "must demonstrate damages that flow from the failure to adequately *disclose* information, not that the information disclosed concerned matters for which damages are appropriate.  Plaintiffs must at the very least allege some connection between the lack of disclosure and an actual harm." *In re Tyson Foods, Inc. Consol. S'holder Litig*., 919 A.2d 563, 597 (Del. Ch. 2007).  The Amended Complaint does not allege that the "Company" or Ault's statements were made in the context of requesting shareholder action, were false when made, or set forth any of the required elements, including actual damages.  (Am. Compl. ¶¶172-180).  Thus, the Court should dismiss this claim.

## VI.    Claims against K. Ault

Plaintiffs now concede that the "scheme" to obtain control of the Company did not involve the purchase of the Series B Preferred Stock by Philou while K. Ault was a director.  (Opp. at p. 13).  Rather, they now assert that "[t]he actual "scheme" was the Aults' company Philou ***acquiring a controlling interest in DPW***."  (*Id.*) (emphasis added).  K. Ault, however, was not a director or officer of DPW at the time that Philou acquired a controlling interest in DPW.  "In September 2016, [K. Ault] acquired a controlling interest in DPW through a change of control transaction involving [her] company Philou…."  (Am. Compl. ¶2).  Weeks later, on October 13, 2016, K. Ault was appointed a DPW director.  (*Id.* ¶43).  Consequently, the Court should dismiss the breach of fiduciary duty claim against K. Ault because she was not a director at the time of the alleged conduct that forms the basis of the claim against her.

Further, while conceding that K. Ault was not a director when DPW awarded compensation to Ault and Horne, Plaintiffs assert that she was a director when Kohn's original employment agreement was entered into and imply that she was involved with the February 22, 2017 amendment thereto, which they assert issued excessive equity compensation to Kohn.  (Opp. at p. 13).  DPW's stockholders, however, voted on, and approved, the equity component of Kohn's Employment Agreement, as amended on February 22, 2017.  [DE 25-24 at Item 5.07)].  Such stockholder ratification bars a claim for excessive compensation.  *See e.g., In re Inv'rs Bancorp,* 177 A.3d at 1211.

**VII.    The Unjust Enrichment Claims**

In an effort to evade dismissal, Plaintiffs assert three instances in which the unjust enrichment claims are not duplicative of the breach of fiduciary duty claims and not barred by a written contract.  (Opp. at p. 20).  Each instance, however, fails to assert a viable unjust enrichment claim on behalf of DPW.

First, Plaintiffs assert that Ault received $20,000 per month from AVLP.  (*Id.*) This factual allegation, however, pertained to payments made prior to February 29, 2016 – over six months before Philou acquired a controlling interest in DPW.  (Am. Compl. ¶¶2, 119).  There is no allegation that Ault received monies from AVLP after DPW had entered into an agreement with AVLP.  (*Id.*).  Second, Plaintiffs assert that AVLP granted stock options to Horne *to purchase* AVLP's common stock.  (Opp. at p. 20).  There is no allegation that Horne received any monies from AVLP that were derived from DPW for which he has been unjustly enriched at DPW's expense.  (*See* Am. Compl.).  Finally, Plaintiffs assert that the directors were unjustly enriched as a result of large stock option grants awarded to them.  (Opp. at p. 20).  Plaintiffs ignore the fact that the stock options awarded to the directors were awarded at-the-money and vested over a four-year period (Volynsky Decl. Ex. W at Item 5.02, *compare*, Ex. T at 11/28/17).  Moreover, DPW's stockholders approved the options issued to the directors. (*Id.*at Ex. Z at p. 21); *see also* [DE 40-2 at Item 5.07 (stockholders approving Directors' equity compensation)].

Accordingly, the Court should dismiss the unjust enrichment claims.

**V.    Conclusion**

For the foregoing reasons, the Court should grant the motion to dismiss.

Dated:  April 22, 2019                                    SICHENZIA ROSS FERENCE LLP

By:   /s/ *Robert Volynsky*
ROBERT VOLYNSKY (SBN 310600)
Attorneys for Defendants and Nominal
Defendant DPW Holdings Inc.