# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN YOUNG and GREG YOUNG, Derivatively on Behalf of Nominal Defendant, DPW HOLDINGS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MILTON C. AULT, III, AMOS KOHN, WILLIAM B. HORNE, JEFF BENTZ, MORDECHAI ROSENBERG, ROBERT O. SMITH, and KRISTINE AULT, <br><br> Defendants, <br><br> and <br><br> DPW HOLDINGS, INC., <br><br> *Nominal Defendant.* | Case No. 2:18-cv-06587-SJO-PLA <br><br> **STIPULATED AND PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL INFORMATION** |

S. JAMES OTERO, District Judge:

WHEREAS, the parties, desiring to protect their privileged and confidential proprietary documents, information and testimony, and to limit the access to and use of such documents, information and testimony, have agreed to the following terms of confidentiality. The Court, having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, therefore hereby

ORDERS that any person subject to this Order - including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order - shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e. information of any kind provided in the course of discovery in this action) that is designated as "Confidential - Subject to Protective Order" (the "Confidential Discovery Material") pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Confidential Discovery Material may designate as "Confidential - Subject to Protective Order" material that contains sensitive commercial, proprietary, financial and/or personal information which is generally unavailable to others in the industry or to the public and which is not readily ascertainable from public sources.

3. With respect to the confidential portion of any Confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential - Subject to Protective Order" the protected portion in a manner that will not interfere with legibility or audibility , and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential - Subject to Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of discovery material that that person previously produced without limitation should be designated as Confidential - Subject to Protective Order, he may so designate by informing all parties in writing, and such designated portion(s) of the discovery material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential - Subject to Protective Order to any other person, except:

    (a) to the parties to this action;

    (b) to the liability insurers of Nominal Defendant DPW Holdings Inc.;

    (c) to counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    (d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (e) any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non- Disclosure Agreement in the form annexed as an Exhibit hereto;

    (f) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action , provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (g) stenographers engaged to transcribe depositions conducted in this action; and

    (h) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(e) or 5(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. Prior to filing any Confidential Discovery Material with the Court, a party must meet and confer with the party that produced the Confidential Discovery Material and the parties must follow the procedure set forth in Section 31e of the Court's Standing order for Civil Cases.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "Attorneys' Eyes Only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will follow the Court's procedures to obtain a ruling.

9. The Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Discovery Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. The parties shall strictly comply with Local Rule 79-5 and its subdivisions. Pursuant to the Court's Standing Order for Civil Cases, a producing party has a duty to make an independent showing of good cause or compelling reasons for the sealing.

10. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If a party inadvertently discloses Confidential Discovery Material and/or information subject to a claim of attorney-client privilege or attorney work product protection (collectively, "Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any confidentiality claim or claim of privilege or work product protection with respect to the Protected Information and its subject matter.

12. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed any Protected Information to any person or in any circumstance not authorized under the Protective Order, that Party shall, within five business days: (a) notify in writing counsel for the designating Party or nonparty of the unauthorized disclosures, including all pertinent facts; (b) make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to acknowledge in writing that all copies of the Protected Information have been returned or destroyed. Within fourteen business days of learning that, by inadvertence or otherwise, a receiving Party has disclosed Protected Information to any person or in any circumstance not authorized under the Protective Order, the receiving Party must provide a certification of counsel that all such Protected Information has been returned or destroyed. Compliance with the foregoing shall not prevent a Party or nonparty from seeking further relief from the Court.

13. If a Party or nonparty at any time discovers that it inadvertently produced in discovery documents or Privileged Information that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other

applicable privilege or immunity (collectively, "Privileged Information"), the producing Party or nonparty must promptly provide written notice to all other Parties. The receiving Party or Parties shall, without further reviewing the documents at issue, return all copies of such Privileged Information and shall not use such items for any purpose until further order of the Court. The return of any Privileged Information shall not in any way preclude the receiving Party from moving the Court for a ruling that the Privileged Information was never privileged. Any such motion from the receiving Party shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any Protected Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Protected Information.

15. If any person subject to this Protective Order who has custody of any Confidential Discovery Material receives a subpoena or other process (collectively, "Subpoena") from any government or other person or entity demanding production of Confidential Discovery Materials, the recipient of the Subpoena shall within 2 business days of receiving the Subpoena give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Discovery Materials, and/or seek to obtain confidential treatment of such Confidential Discovery Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Discovery Materials prior to the date specified for production on the Subpoena.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding the foregoing, outside counsel for each Party may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to the terms of this Protective Order.

17. This Protective Order may be modified by written agreement of the Parties or upon further Order of the Court upon application to the Court with notice and opportunity to be heard to the Parties hereto.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: October 15, 2019

| | |
|---|---|
| Attorney for Plaintiffs<br>Ethan Young and Greg Young | Attorney for Defendants<br>Milton C. Ault, III, Amos Kohn, William B. Horne, Jeff Bentz, Mordechai Rosenberg, Robert O. Smith, and Kristine Ault, and<br><br>Attorney for Nominal Defendant DPW Holdings Inc. |
| */s/ Stuart J. Guber*<br>Stuart J. Guber | */s/ Sameer Rastogi*<br>Sameer Rastogi |

| | |
|---|---|
| Faruqi & Faruqi, LLP<br>1617 John F. Kennedy Blvd,<br>Suite 1550<br>Philadelphia, PA 19103<br>Telephone: 215-277-5770<br>Facsimile: 215-277-5771<br>Email: sguber@faruqilaw.com | Sichenzia Ross Ference LLP<br>1185 Avenue of the Americas,<br>37th Floor<br>New York, New York 10036<br>Telephone: (212) 930-9700<br>Facsimile: (212) 930-9725<br>Email: srastogi@SRF.LAW |

## **ATTESTATION**

I, Stuart J. Guber, am the ECF User whose ID and password are being used to file this **STIPULATED AND PROTECTIVE ORDER GOVERNING THE USE OF CONFIDENTIAL INFORMATION** in accordance with Civil Local Rule 5-4.3.4, concurrence in the filing of this document has been obtained from Sameer Rastogi, counsel for Defendant, and I shall maintain records to support this concurrence for subsequent production for this Court if so ordered or for inspection upon request by a party.

Dated:   October 15, 2019

By:  */s/ Stuart J. Guber*
      Stuart J. Guber

SO ORDERED

Dated: October __, 2019

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN YOUNG and GREG YOUNG, Derivatively on Behalf of Nominal Defendant, DPW HOLDINGS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MILTON C. AULT, III, AMOS KOHN, WILLIAM B. HORNE, JEFF BENTZ, MORDECHAI ROSENBERG, ROBERT O. SMITH, and KRISTINE AULT, <br><br> Defendants, <br><br> and <br><br> DPW HOLDINGS, INC., <br><br> *Nominal Defendant.* | *Case No. 2:18-cv-06587-SJO-PLA* <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any terms of the Protective Order could subject me to punishment or contempt of Court.

Dated: _____