1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **CENTRAL DISTRICT OF CALIFORNIA**
10                 **WESTERN DIVISION**
11
12   ETHAN YOUNG, et al.,                    )   No. CV 18-6587-SJO (PLAx)
                                              )
13                    Plaintiffs,             )   **MEMORANDUM AND ORDER RE:**
                                              )   **PARTIES' PROPOSED STIPULATED**
14            v.                              )   **PROTECTIVE ORDER**
                                              )
15   MILTON AULT, III, et al.,                )
                                              )
16                    Defendants.             )
17   _____     )

18        The Court has received and considered the parties' proposed Stipulated Protective Order
19   ("Protective Order").  The Court is unable to adopt the Protective Order as stipulated to by the
20   parties for the following reasons:
21        First, a protective order must be narrowly tailored and cannot be overbroad.  Therefore, the
22   documents, information, items or materials that are subject to the protective order shall be
23   described in a meaningful fashion (for example, "blueprints," "customer lists," or "market surveys,"
24   etc.).  It is not sufficient to use only conclusory terms such as "privileged and confidential
25   proprietary documents, information and testimony."  (See page 1, at introduction).
26        Second, any challenge to the designation or disclosure of confidential information must
27   occur within the discovery period established by the District Judge.  (See page 4, at ¶ 8).
28

1    Third, in the event of a dispute regarding the designation or disclosure of confidential

2    information, the procedure for obtaining a decision from the Court is that set forth in Local Rule

3    37.  (See, e.g., page 4, at ¶ 8).  If the parties want to file the Joint Stipulation required by Local

4    Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an

5    ex parte application making the appropriate request.  The parties must set forth good cause in the

6    stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed

7    under seal.

8    Fourth, once a case proceeds to trial, all of the court-filed information that is to be

9    introduced and was previously designated as confidential and/or kept and maintained pursuant

10   to the terms of a protective order becomes public and will be presumptively available to all

11   members of the public, including the press, unless compelling reasons supported by specific

12   factual findings to proceed otherwise are made to the district judge in advance of the trial.  See,

13   e.g., Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995); San Jose Mercury News, Inc.

14   v. U.S. District Court - Northern District, 187 F.3d 1096, 1102 (9th Cir. 1999); Kamakana v. City

15   and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause"

16   showing for sealing documents produced in discovery and attached to non-dispositive motions

17   from "compelling reasons" standard when merits-related documents are part of the judicial record).

18    The Court will not enter a protective order that extends beyond the commencement of trial.

19   /

20   /

21   /

22   /

23   /

24   /

25   /

26   /

27   /

28   /

1       Finally, the Court may only enter a protective order upon a showing of good cause. <u>Phillips</u>

2  <u>v. G.M. Corp.</u>, 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c) requires a showing of "good cause"

3  for a protective order); <u>Makar-Wellbon v. Sony Electronics, Inc.</u>, 187 F.R.D. 576, 577 (E.D.Wis.

4  1999) (even stipulated protective orders require good cause showing). The parties' stipulation fails

5  to include sufficient statements to demonstrate good cause for issuing the protective order. In any

6  revised stipulated protective order submitted to the Court, the parties must include a statement

7  demonstrating good cause for entry of a protective order pertaining to the documents or

8  information described in the order. The paragraph containing the statement of good cause should

9  be preceded by a heading stating: "GOOD CAUSE STATEMENT."

10       The parties are referred to the Court's sample Stipulated Protective Order, found at the

11  Judges' Procedures and Schedules portion of the Central District's website.

12

13  DATED: October 16, 2019

14                         PAUL L. ABRAMS
                      UNITED STATES MAGISTRATE JUDGE