# EXHIBIT 1

1

2
**FARUQI & FARUQI, LLP**
Benjamin Heikali (SBN 307466)

3
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024

4
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

5
Email: bheikali@faruqilaw.com

6

7
*Counsel for Plaintiffs*

8
[Additional counsel on signature page]

9

10
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

11

12
ETHAN YOUNG and GREG YOUNG,
Derivatively on Behalf of Nominal

13
Defendant, DPW HOLDINGS, INC.,

14
                    Plaintiffs,

15

16
          vs.

17
MILTON C. AULT III, AMOS KOHN,
WILLIAM B. HORNE, and KRISTINE

18
AULT,

19
                    Defendants,

20

21
          and

22
DPW HOLDINGS, INC.,

23
                    Nominal Defendant.

24

25

26

27

28

Case No. 2:18-cv-06587-SJO-PLA

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement dated as of February 24, 2020 (the "Stipulation") is made and entered into by and among the following Parties: (i) Ethan Young and Greg Young ("Plaintiffs"), plaintiffs in the above-captioned shareholder derivative action; (ii) nominal defendant DPW Holdings, Inc. ("DPW" or the "Company"); and (iii) Milton C. Ault III, Amos Kohn, William B. Horne, and Kristine Ault (collectively, the "Individual Defendants," and together with DPW, the "Defendants"), by and through their counsel.  Subject to the approval of the Court, the Stipulation is intended by Plaintiffs and Defendants (together, the "Parties") to fully, finally and forever resolve, discharge, and settle the Action (defined below) and the Released Claims (defined below), upon and subject to the terms and conditions hereof.

## I.      THE ACTION

WHEREAS, Plaintiffs' Counsel (defined below) performed an extensive and thorough investigation relating to the claims and the underlying events alleged in the Action, including, but not limited to, reviewing and analyzing public filings with the United States Securities and Exchange Commission ("SEC") and other publicly available information.

WHEREAS, Plaintiffs commenced the above-captioned action against the Individual Defendants in the U.S. District Court for the Central District of California (the "Court"), asserting claims derivatively on behalf of DPW (the "Action"). Plaintiffs filed their first complaint on July 31, 2018 ("Initial Complaint"), asserting, among other things, that the Individual Defendants had breached their fiduciary duties.  The detailed Initial Complaint, comprised of 332 paragraphs and 114 pages, was filed against the Individual Defendants, as well as the following current board of directors: Jeff Bentz, Robert O. Smith and Mordechai Rosenberg.

WHEREAS, on November 28, 2018, Defendants filed a Motion to Dismiss the Initial Complaint.  The motion to dismiss was fully briefed and on February 25, 2019, the Court granted, and denied, in part the Motion to Dismiss the Initial Complaint

1   with leave to amend.

2          WHEREAS, on March 11, 2019, Plaintiffs filed an Amended Complaint (the
3   "Amended Complaint").

4          WHEREAS, on March 25, 2019, the Defendants filed a Motion to Dismiss the
5   Amended Complaint.  The Parties fully briefed the Motion to Dismiss the Amended
6   Complaint.

7          WHEREAS, on May 21, 2019, the Court issued an order granting, and denying,
8   in part the Motion to Dismiss the Amended Complaint (the "May 21, 2019 Order),
9   which, among other things, the Court: (i) dismissed Jeff Bentz, Robert O. Smith and
10  Mordechai Rosenberg; and (ii) held, *inter alia*, that with respect to the other
11  Defendants named in the Amended Complaint, Plaintiffs (a) adequately pled demand
12  futility, (b) sufficiently alleged claims for breach of fiduciary duty related to certain
13  transactions, and (c) adequately pled a claim for unjust enrichment. The Motion to
14  Dismiss the Amended Complaint was granted with leave to amend. Plaintiffs chose
15  not to file a second amended complaint and proceed on the claims asserted in the
16  Amended Complaint.

17         WHEREAS, the May 21, 2019 Order also permitted Plaintiffs' breach of
18  fiduciary duty allegations surrounding certain transactions to proceed, including: (i)
19  claims based on related party transactions; (ii) claims based on loans and other debt
20  financing; and (iii) claims based on stock issuances.

21         WHEREAS, on June 27, 2019, Defendants filed an answer to the Amended
22  Complaint.

23         WHEREAS, Plaintiffs propounded Requests for the Production of Documents
24  on August 7, 2019, to which Defendants timely served responses and objections on
25  September 6, 2019.

26         WHEREAS, on October 21, 2019, the Parties and the Defendants' directors
27  and officers' liability insurer participated in a day-long mediation in New York, New
28  York (the "Mediation"), which was presided over by Jed D. Melnick, Esq. of JAMS

(the "Mediator"). At the Mediation, the Parties reached an agreement in principle with respect to the material terms of the corporate governance reforms to be instituted by DPW.  As consideration for the Settlement (defined below), DPW will institute certain corporate governance reforms, the terms of which are fully set forth in Exhibit A attached hereto (the "Reforms").

WHEREAS, only after agreeing in principle to the material terms of the Reforms to be instituted by DPW did the Parties begin to negotiate, with the assistance of the Mediator, the attorneys' fee and expense award to be paid to Plaintiffs' counsel. The Parties did not reach an agreement on attorneys' fees and expenses at Mediation.

WHEREAS, following Mediation, with the assistance of the Mediator, the Parties continued to discuss the attorneys' fee and expense award to be paid by the Defendants' directors and officers' liability insurance.  On October 28, 2019, an agreement was reached on the issue of attorneys' fee and expense award to be paid to Plaintiffs' counsel.

WHEREAS, as a result of the extensive, arm's length negotiations among the Parties, on January 21, 2020 the Parties finalized the complete terms of the Reforms as set forth in Exhibit A attached hereto, which includes the material terms that the Parties agreed to at Mediation.

WHEREAS, although Plaintiffs believe their claims have merit, they recognize the expense and length of continued proceedings necessary to prosecute such claims through trial and subsequent appeals.  Plaintiffs' Counsel also have taken into account the costs and risks inherent in proceeding further with litigation.  Moreover, Defendants, without an agreement to resolve this litigation, will continue to vigorously defend the claims.  Therefore, Plaintiffs and Plaintiffs' Counsel believe that the Settlement, on the terms and conditions set forth herein, is fair, reasonable, adequate, and in the best interests of DPW and its shareholders.

WHEREAS, Defendants have denied and continue to deny any and all wrongdoing whatsoever and maintain that their conduct was at all times proper and

in compliance with applicable provisions of law.  Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action and deny that they have committed any of the wrongful acts or violations of law that are alleged in the Action, including without limitation that they committed any breach of fiduciary duty.  In addition, Defendants believe that they have meritorious defenses to all claims alleged in the Action.  Nonetheless, Defendants have agreed to enter into the Settlement to avoid the expense, distraction, and time associated with continuing the Action.  Nothing in this Stipulation shall be construed or deemed to be an admission or concession on the part of any Defendant with respect to any claim, fault, liability, wrongdoing, or damage whatsoever, or with respect to the validity of the defenses that Defendants have asserted or may assert.

NOW, THEREFORE, IT IS STIPULATED AND AGREED, by and among the Parties, by and through their respective undersigned counsel, as follows:

## II.   **CERTAIN DEFINITIONS**

1.   To the extent not otherwise defined herein, as used in this Stipulation, the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to the Stipulation, the definition set forth below shall control.

a.   "**Action**" means the above-captioned derivative action styled *Young et al. v. Ault et al.*, No. 2:18-cv-06587-SJO-PLA.

b.   "**Court**" means the U.S. District Court for the Central District of California.

c.   "**Defendants**" means the Individual Defendants and DPW.

d.   "**Defendants' Counsel**" means Pacific Premier Law Group and Sichenzia Ross Ference LLP.

e.   "**Effective Date**" means the first date by which all of the events and conditions specified in Paragraph 15 of this Stipulation have been met and have

occurred.

**f.** "**Execution Date**" means the date that this Stipulation has been signed by all the signatories hereto through their counsel.

**g.** "**Final**" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order or judgment becomes "Final" when it has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and the Court of Appeals has either affirmed the underlying order or judgment in its entirety or dismissed that appeal, and the time for any reconsideration or further appellate review has passed; or (c) the Supreme Court has granted review and that Court has either affirmed the underlying order or judgment in its entirety, or affirmed the Court of Appeals' decision affirming the order or judgment in its entirety or dismissing the appeal. For purposes of this Paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings seeking review, alteration, amendment, or appeal of a court's order, but shall not include any appeal that concerns only the issue of the Fee and Expense Award (defined below) or any Service Award (defined below) to Plaintiffs. Any appeal or proceeding relating solely to these excluded issues shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

**h.** "**Final Hearing**" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair and reasonable, and whether the Court should enter the Judgment approving the proposed Settlement.

**i.** "**Immediate Family**" means an individual's spouse, domestic partner, parents, grandparents, children and grandchildren.

**j.**   "**Individual Defendants**" means collectively Milton C. Ault III, Amos Kohn, William B. Horne, and Kristine Ault.

**k.**   "**Judgment**" means the judgment to be entered by the Court, substantially in the form attached as Exhibit E hereto.

**l.**   "**DPW**" or the "**Company**" means DPW Holdings, Inc.

**m.**   "**DPW Shareholder**" means any Person with an ownership or beneficial interest in DPW common stock.

**n.**   "**Notice**" means the Notice of Proposed Settlement, substantially in the form attached hereto as Exhibit C.

**o.**   "**Parties**" means collectively Plaintiffs and Defendants.

**p.**   "**Person**" means any individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal, business or political entity, together with the spouses, heirs, predecessors, successors, representatives, or assigns of any of the foregoing.

**q.**   "**Plaintiffs**" means collectively Plaintiff Ethan Young and Plaintiff Greg Young.

**r.**   "**Plaintiffs' Counsel**" means Faruqi & Faruqi, LLP.

**s.**   "**Preliminary Approval Order**" means the [Proposed] Preliminary Approval Order, in the form annexed hereto as Exhibit B, or such other substantially similar form agreed to by the Parties, as entered by the Court.

**t.**   "**Reforms**" means the corporate governance reforms set forth in Exhibit A hereto.

**u.**   "**Released Claims**" means any and all claims, rights, demands, causes of action, or liabilities of any kind, nature, and character whatsoever, whether based on federal, state, local, statutory or common law, or any other law, rule or

regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether known or unknown, including, without limitation, Unknown Claims (as defined below) (collectively "Claims") against any of the Released Persons that have been, could have been, or could in the future be, asserted in the Action or in any other forum or proceeding by any Person (including but not limited to Plaintiffs) derivatively on behalf of DPW, or by DPW itself, against any of the Released Persons that arise out of or are related, directly or indirectly, in any way to:

**(a)** any of the facts, matters, occurrences, actions, practices, conduct, events, transactions, statements, disclosures, representations, misrepresentations, omissions, or failures to act that were involved, set forth, referred to, asserted, or alleged, in the Action, including, but not limited to, claims for breach of fiduciary duty, unjust enrichment, or other claims that could have been raised in the Action; or,

**(b)** that would have been barred by res judicata, collateral estoppel, or any other doctrine of issue or claim preclusion had the Action been fully litigated to a final judgment,

**(c)** for the avoidance of doubt, the Released Claims do not cover, settle or release any direct claims held by any current, former, or future stockholder of DPW,

*provided that* Released Claims shall not include claims to enforce the Settlement.

v. **"Released Persons"** means Defendants, the Company, and any entity in which the Company has a controlling interest, as well as their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, committees, joint ventures, trustees, trusts, employees, immediate family members, insurer and reinsurers (in their capacities as such), consultants, experts, and attorneys.

w. **"Settlement"** means the settlement embodied in this Stipulation.

1       **x.**    **"Summary Notice"** means the Summary Notice of Proposed

2  Settlement, substantially in the form attached hereto as Exhibit D.

3       **y.**    "**Unknown Claims**" means any Claims that Plaintiffs, DPW or

4  any DPW Shareholder (claiming in the right of, or on behalf of, the Company) does

5  not know or suspect to exist in his, her, or its favor at the time of the release of the

6  Released Persons which, if known by him, her, or it, might have affected his, her, or

7  its settlement with and release of the Released Persons, or might have affected his,

8  her, or its decision not to object to this Settlement.  Unknown Claims include those

9  Claims in which some or all of the facts comprising the Claim may be unsuspected,

10 or even undisclosed or hidden.  With respect to any and all Released Claims, including

11 Unknown Claims, Plaintiffs and DPW stipulate and agree that, upon the Effective

12 Date, they shall expressly waive, and every DPW Shareholder shall be deemed to

13 have, and by operation of the Judgment shall have, expressly waived the provisions,

14 rights, and benefits of California Civil Code § 1542, which provides:

15     **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT**

16     **KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF**

17     **KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**

18     **OR RELEASED PARTY.**

19 Plaintiffs and DPW shall expressly waive, and every DPW Shareholder shall be

20 deemed to have, and by operation of the Judgment shall have, expressly waived any

21 and all provisions, rights, and benefits conferred by any law of any state or territory

22 of the United States, or principle of common law or foreign law, which is similar,

23 comparable or equivalent in effect to California Civil Code § 1542.

24      Plaintiffs, Defendants, DPW, and/or the current DPW stockholders may

25 hereafter discover facts in addition to or different from those which he, she, or it now

26 knows or believes to be true with respect to the Released Claims but, upon the Court's

27 entry of the Judgment, Plaintiffs, Defendants, DPW, and each of the current DPW

28 shareholders shall be deemed to have, and by operation of the Judgment shall have,

8

fully, finally, and forever settled any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs, Defendants, and the Company acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement.

## III.  CORPORATE GOVERNANCE REFORMS AND PRIOR ACTIONS TAKEN BY DPW

2.  Not later than thirty (30) days after the Effective Date, DPW's board of directors will adopt by resolution, or other means as appropriate, the corporate governance Reforms set forth in Exhibit A hereto, and incorporated by reference herein, and the Company will maintain the Reforms for at least five (5) years thereafter, subject to certain terms and conditions set forth in Exhibit A. Defendants acknowledge that in the course of the Parties' negotiations at arm's length, the Reforms were first presented to the Defendants as part of the Action, and as a result of the filing, pendency, and settlement of the Action, DPW agreed to implement the Reforms. The Parties agree that the Reforms confer a material benefit to DPW Shareholders.

3.  To the extent that (a) any changes, modifications, and improvements to DPW's corporate governance and business ethics practices, and (b) any changes to DPW's Board of Directors or management personnel were made by the Company following the initiation of the Action, DPW acknowledges that the filing and pendency of the Action comprised a contributing factor thereto. These changes include, but are not limited to, the prior actions taken by DPW that are set forth in Exhibit A hereto.

4.  DPW further acknowledges that the filing and pendency of the Action comprised a material contributing factor to any changes, modifications, and improvements to DPW's corporate governance and business ethics practices made up to the Effective Date.

## IV.   **PROCEDURE FOR IMPLEMENTING THE SETTLEMENT**

**5.**      Promptly after the Execution Date, counsel for Plaintiffs shall submit the Stipulation together with its Exhibits to the Court, and shall make an application, which shall be unopposed by Defendants, for entry of the Preliminary Approval Order substantially in the form of Exhibit B hereto.  Such application shall be supported by a memorandum of law submitted by Plaintiffs' Counsel.   The application shall request, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, approval of notice to DPW Shareholders in the form attached as Exhibit C ("Notice") and Exhibit D ("Summary Notice") hereto, as well as a date for a hearing at which the Court will decide whether to grant final approval of the Settlement ("Final Hearing").   The Notice shall include the general terms of the proposed Settlement set forth in the Stipulation, the agreed-upon Fee and Expense Award (defined below), contact information for Plaintiffs' Counsel, and the date of the Final Hearing.

**6.**      Subject to Court approval, within ten (10) days of the Court's entry of the Preliminary Approval Order, DPW shall: (a) post a copy of the Stipulation (with Exhibit A attached hereto) and Notice on the Investor Relations portion of the DPW website; (b) cause a Current Report on Form 8-K to be filed with the SEC that attaches the contents of the Summary Notice, and provides a link in the 8-K to the Stipulation and Notice that shall be posted on the Investor Relations portion of DPW's website; and (c) publish the contents of the Summary Notice via a press release to be widely distributed by a reputable press release distribution service that includes a link to the Stipulation and Notice that shall be posted on the Investor Relations portion of DPW's website.  All costs of such notice shall be paid by the Individual Defendants and/or its insurer.  The Parties believe the content and manner of such notice procedure constitutes adequate and reasonable notice to DPW Shareholders pursuant to applicable law and due process.

## V.   <u>ATTORNEYS' FEES</u>

**7.**      In recognition of the material benefits provided to DPW and DPW Shareholders as a result of the settlement of the Action, the Company, acting through its Board of Directors, has agreed to cause Defendants' directors and officers liability insurance carrier to pay Plaintiffs' Counsel an award of attorneys' fees and expenses in the total amount of Six-Hundred Thousand Dollars ($600,000.00), subject to approval by the Court ("Fee and Expense Award").  The Parties mutually agree that the Fee and Expense Award is fair and reasonable in light of the substantial benefits conferred upon DPW and DPW Shareholders by the Reforms.  Defendants agree not to oppose Plaintiffs' application for the Fee and Expense Award.

**8.**      The Fee and Expense Award shall be transferred via wire to a bank account designated by Plaintiffs' Counsel or by check sent to Plaintiffs' Counsel within ten (10) business days after both of the following have occurred: (a) the Court has entered Judgment and the thirty (30) day appeal period has expired, whether an appeal has been filed or not; and (b) Plaintiffs' Counsel has provided Defendants' Counsel all necessary payment details to accomplish payment of the Fee and Expense Award by wire transfer or check.

**9.**      Payment of the Fee and Expense Award in the amount approved by the Court shall constitute final and complete payment for Plaintiffs' Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Action and the resolution of the claims alleged therein. Defendants shall have no obligation to make or cause to be made any payment to Plaintiffs' Counsel other than the Fee and Expense Award in the amount approved by the Court.  In the event of an appeal and/or further proceedings on remand, or successful collateral attack, which results in the Judgment or the Fee and Expense Award being overturned or substantially modified, Plaintiffs' Counsel and their successors shall be obligated to repay to DPW's insurance carrier, within fifteen (15) business days, the portion of the Fee and Expense Award paid by or on behalf of

Defendants that they received and that was ultimately not awarded to Plaintiffs' Counsel, together with any accrued interest thereon.  Plaintiffs' Counsel is subject to the Court's jurisdiction for the purposes of enforcing this Paragraph or any other provisions related to the Fee and Expense Award

10.     Except as otherwise provided herein, each of the Parties shall bear his, her, or its own costs and attorneys' fees related to the Action.

11.     In light of the material benefits they have helped to create for DPW and all DPW Shareholders, each of the Plaintiffs may apply for Court-approved service awards in the amount of Two-Thousand Five Hundred Dollars ($2,500.00) ("Service Awards").  The Service Awards to each of the Plaintiffs, to the extent that it is applied for and approved in whole or part, shall be funded solely from the Fee and Expense Award distributed to Plaintiffs' Counsel, to the extent that the Fee and Expense Award is approved in whole or in part.  Defendants shall take no position on the Service Awards and shall have no obligation to pay them.

## VI.    JUDGMENT APPROVING THE SETTLEMENT

12.     At the Final Hearing, Plaintiffs' Counsel shall request entry of the Judgment, substantially in the form attached hereto as Exhibit E.

## VII.   RELEASES

13.     Upon the Effective Date, Plaintiffs, DPW, and all current DPW Shareholders, on behalf of themselves, and each of their respective personal representatives, Immediate Family members, trustees, heirs, executors, administrators, parent entities, subsidiaries, associates, affiliates, predecessors, successors and assigns, and any other Person claiming (now or in the future) to be acting for, through, or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged all Released Claims against the Released Persons and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting, or prosecuting any Released Claims against any

12

of the Released Persons, or assisting any Person in instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting any Released Claims against any of the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any of the Parties to enforce the terms of this Stipulation.

14.     Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Released Claims, including all claims that each Released Person does not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of Plaintiffs and Plaintiffs' Counsel, or might have affected his, her, or its decision not to object to this Settlement.  Nothing herein shall in any way impair or restrict the rights of any of the Parties to enforce the terms of this Stipulation.

## VIII.  <u>CONDITIONS OF SETTLEMENT; EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION</u>

15.     The Effective Date of this Stipulation, and the Settlement incorporated herein, shall be the first date on which all of the following events have occurred:

(a)     Plaintiffs' Counsel and Defendants' Counsel have executed this Stipulation;

(b)     The Court has entered the Preliminary Approval Order as described in Paragraph 5 hereof;

(c)     The Court has entered the Judgment, substantially in the form of Exhibit E attached hereto, or such other substantially similar form agreed to by the Parties;

(d)     The Judgment has become Final; and

(e)     No Parties have given notice of their election to terminate the Settlement pursuant to Paragraph 16 below, and the time for doing so has expired.

16.     The Parties shall each have the right to terminate the Settlement, and thereby this Stipulation, by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of:

(a)     the Court's declining to enter the Preliminary Approval Order in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(b)     the Court's refusing to approve the Settlement as set forth in this Stipulation in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(c)     the Court's declining to enter the Judgment in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(d)     the date upon which the Judgment is modified or reversed by the Court, the Ninth Circuit Court of Appeals, or the U.S. Supreme Court in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it; or

(e)     the date upon which an alternative judgment is modified or reversed by the Court, the Ninth Circuit Court of Appeals, or the Supreme Court in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it.

Notwithstanding anything above, Plaintiffs may not terminate the Settlement based on the amount of the Fee and Expense Award and/or Service Awards, if any, awarded by the Court.

17.     In the absence of any of the events enumerated in Paragraph 16 above, no Party shall have the right to terminate the Stipulation for any reason.

18.     If the Settlement is terminated by Plaintiffs or Defendants pursuant to Paragraph 16 (a "Termination"): (a) the Settlement shall be without force and effect

upon the rights of the Parties, and none of its terms (other than the terms of this Paragraph and Paragraphs 21 and 32) shall be effective or enforceable; (b) the Parties shall revert to their litigation positions immediately prior to the Execution Date, and no claims, rights, or defenses, whether legal or equitable, of any of the Parties hereto that existed prior to executing this Stipulation shall be diminished or prejudiced in any way; and (c) within ten (10) business days from the date of such Termination, Plaintiffs' Counsel shall return to DPW any and all sums paid pursuant to Paragraph 8 above, and all interest, if any, earned on such sums.

## IX.   NO ADMISSIONS

**19.**    The Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and to compromise claims that are contested.  Entry into this Settlement shall not be deemed an admission by Defendants hereto as to the merits of any claim or defense or any allegation made in the Action.

**20.**    The Defendants make no admission of liability or any form of wrongdoing whatsoever, deny that any of them have committed any violations of law, deny that any of the Individual Defendants have committed any breaches of duty to DPW, the Plaintiffs, DPW Shareholders, or anyone else, or aided and abetted the same, and expressly maintain that they diligently and scrupulously complied with any and all fiduciary and other legal duties.

**21.**    This Stipulation, whether or not it is consummated and whether or not it is terminated, any of its provisions, any negotiations, proceedings, or agreements relating to the Stipulation and the Settlement, all matters arising in connection with such negotiations, proceedings, or agreements, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation:

      a)    shall not be offered or received against any of the Released Persons as evidence of a presumption, concession, or admission of any kind;

15

b)      shall not be offered or received against any of the Released Persons as evidence of an admission by any of those Released Persons with respect to the truth of any fact alleged in the Action or the validity of any Released Claims, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Released Persons;

c)      shall not be offered or received against the Released Persons as evidence of any fault, misrepresentation, omission, or other actionable conduct with respect to any statement or written document approved or made by any of the Released Persons;

d)      shall not be offered or received against the Released Persons as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as evidence against any of the Released Persons, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the release of Released Claims and other liability protections granted them hereunder;

e)      shall not be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

f)      shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit; and

g)      shall not, in the event of a Termination, be used by any Party for any purpose in any trial in the Action.

Any Party may file or introduce this Stipulation and/or the Judgment in (i) any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good

16

faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or (ii) in any action or proceeding related to rights or claims of Defendants to indemnification and/or advancement in connection with the Action.

## X.    **MISCELLANEOUS PROVISIONS**

**22.**    The Parties: (a) acknowledge that it is their intent to consummate the Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

**23.**    Pending final determination of whether the Stipulation should be approved, Plaintiffs and all DPW Shareholders are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against any Released Persons.

**24.**    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.  The Parties reserve the right, upon the agreement of all of them and subject to the Court's approval, to make any reasonable extensions of time or modifications to the Exhibits that might be necessary to carry out any of the provisions of this Stipulation.

**25.**    The Stipulation, including its Exhibits, constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning the Stipulation other than the representations, warranties, and covenants contained and memorialized in such documents.  Any and all prior or contemporaneous discussions, negotiations, agreements, commitments, and understandings related thereto are superseded hereby.  The Parties understand and acknowledge that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than, or different from, the facts now known to each Party or believed by such Party to be true;

each Party therefore expressly assumes the risk of the facts or law turning out to be different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.  Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

26.    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court. The Parties agree that facsimile or scanned signatures shall have the same force and effect as original signatures.

27.    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, executors, administrators, trustees, successors, and assigns of the Parties, including any corporation or other entity into or with which any Party merges, consolidates, or reorganizes.

28.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

29.    Nothing in this Stipulation, Settlement, or the negotiations or proceedings relating to the foregoing is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the accountants' privilege, the attorney-client privilege, the joint defense privilege, or the work-product privilege. All information transmitted between Plaintiffs' Counsel and Defendants' Counsel in connection with this Settlement shall be inadmissible in any proceeding in any federal or state court or other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or tribunal unless necessary to effectuate the terms of this Settlement.

30.    This Stipulation and the Settlement contemplated by it, and all disputes

arising out of or relating to the Stipulation and Settlement, shall be construed and enforced in accordance with, and governed by, the substantive laws and procedural rules of the State of California without giving effect to conflicts of law principles, except to the extent that federal law requires application of federal law.  Any dispute relating to this Stipulation or the Settlement shall be brought exclusively in the Court.

31.    This Stipulation should not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Stipulation is the result of arm's length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of the Stipulation.

32.    All agreements by, between, or among the Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated.

33.    In the event any proceedings by or on behalf of DPW, whether voluntary or involuntary, are initiated under any chapter of the U.S. Bankruptcy Code, including any act of receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the Parties agree to use their reasonable best efforts to obtain all necessary orders, consents, releases, and approvals for effectuation of the Stipulation and Court approval of the Settlement in a timely and expeditious manner, to the extent consistent with applicable law.  If any Bankruptcy Proceedings by or on behalf of DPW are initiated prior to the payment of the Fee and Expense Award, the Settling Parties agree that all dates and deadlines in the Action, if any, or any dates and deadlines associated with the appeal of the Action, if any, will be extended for such periods of time as are necessary to attempt to obtain necessary orders, consents, releases, and approvals from the bankruptcy court to carry out the terms and conditions of this Settlement, to the extent consistent with applicable law.

34.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and all DPW shareholders against the Released Persons with respect to the Released Claims.  Accordingly, the Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule, or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.  No party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by the Mediator, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

35.     Any written notice required pursuant to or in connection with this Stipulation shall be addressed to the Parties' counsel as designated and identified below, and sent by both email and overnight mail.

36.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

37.     The captions contained in this Stipulation are inserted only as a matter of convenience and in no way define, limit, extend or describe the scope of the Stipulation or the intent of any provision.

38.     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

39.     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Party hereto hereby warrants that such Person has the full authority to do so.

1   **40.**   Pending approval by the Court of the Settlement, all proceedings in the

2   Action shall remain stayed.

3   IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to

4   be executed, by their duly authorized attorneys, as of the date set forth below.

5

6   Dated: February 24, 2020

7   By: /s/

8   Alex B. Heller

**FARUQI & FARUQI, LLP**

9   1617 John F. Kennedy Boulevard, Suite 1550

10   Philadelphia, PA 19103

Telephone: (215) 277-5770

11   Email: aheller@faruqilaw.com

12

13   Benjamin Heikali, SBN 307466

**FARUQI & FARUQI, LLP**

14   10866 Wilshire Boulevard, Suite 1470

15   Los Angeles, CA 90024

Telephone: (424) 256-2884

16   Email: bheikali@faruqilaw.com

17   *Counsel for Plaintiffs Ethan Young and*

18   *Greg Young*

19

20   By: /s/

21   Arash Shirdel, SBN 247754

**PACIFIC PREMIER LAW GROUP**

22   200 Sandpointe Avenue, Suite 500

23   Santa Ana, CA 92707

Telephone: (949) 629-3690

24   Email: ashirdel@pacificpremierlaw.com

25

26   *Counsel for Defendants and Nominal*

27   *Defendant DPW Holdings, Inc.*

28

21