# **EXHIBIT B**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN YOUNG and GREG YOUNG, Derivatively on Behalf of Nominal Defendant, DPW HOLDINGS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MILTON C. AULT III, AMOS KOHN, WILLIAM B. HORNE, and KRISTINE AULT, <br><br> Defendants, <br><br> and <br><br> DPW HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 2:18-cv-06587-SJO-PLA <br><br> **[PROPOSED] PRELIMINARY APPROVAL ORDER** <br><br> The Honorable S. James Otero |

**Presented to the Court for preliminary approval is a settlement of all claims asserted against all Defendants. The terms of the Settlement are set out in a Stipulation and Agreement of Settlement executed by counsel for the Parties as of February 24, 2020 ("Stipulation"). All capitalized terms used herein have the meanings set forth and defined in the Stipulation.**

The Court, upon reviewing the Stipulation, declares that it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

**1.** The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Settlement, and over the Parties to the Stipulation.

**2.** The Court preliminarily finds that the proposed Settlement should be approved as being fair, reasonable, adequate, and in the best interests of DPW Holdings, Inc. ("DPW") and its shareholders.

**3.** In connection with preliminary approval of the proposed Settlement, the Court preliminarily finds, for purposes of the Settlement only, that the Action was properly brought pursuant to Federal Rule of Civil Procedure 23.1 as a shareholder derivative action on behalf of DPW, and that Plaintiffs fairly and adequately represents the interests of DPW Shareholders in enforcing the rights of DPW.

**4.** A hearing ("Final Hearing") will be held on _____, 2020 at ___ a.m./p.m. before the Honorable S. James Otero in Courtroom 10C of the United States District Court for the Central District of California, First Street Federal Courthouse, 350 W. 1st Street, Los Angeles, California 90012, pursuant to Federal Rule of Civil Procedure 23.1, to among other things: (i) determine whether the proposed Settlement is fair, reasonable, adequate, and in the best interests of DPW and DPW shareholders; (ii) consider any objections to the Settlement submitted in accordance with the Notice; (iii) determine whether a Judgment substantially in the form attached as Exhibit E to the Stipulation should be entered dismissing all claims in the Action with prejudice and releasing the Released Claims against the Released Persons; (iv) consider the payment to Plaintiffs' Counsel of attorneys' fees and for the reimbursement of expenses ("Fee and Expense Award"); (v) consider the payment of Service Awards to Plaintiffs, which are to be paid from any Fee and Expense Award to Plaintiffs' Counsel; and (vi) consider any other matters that may properly be brought before the Court in connection with the Settlement.

**5.** Within ten (10) calendar days following the entry of this Order, DPW shall: (a) post a copy of the Stipulation (with Exhibit A attached hereto) and Notice on the Investor Relations portion of the DPW website; (b) cause a Current Report on Form 8-K to be filed with the SEC that attaches the contents of the Summary Notice, and provides a link in the 8-K to the Stipulation and Notice that shall be posted on the Investor Relations portion of DPW's website; and (c) publish the contents of the Summary Notice via a press release to be widely distributed by a reputable press release distribution service that includes a link to the Stipulation and Notice that shall be posted on the Investor Relations portion of DPW's website. The Court finds that such notice is reasonable and sufficient under the circumstances, complies with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process under the United States Constitution, and constitutes due and sufficient notice to all Persons affected by the proposed Settlement and entitled to participate in the Final Hearing. Non-material changes to the form of the Notice and Summary Notice may be made upon agreement of the Parties without further approval by the Court.

**6.** At least ten (10) days prior to the Final Hearing, counsel for DPW shall file with the Court proof by affidavit or declaration of publication, filing, and posting of the Notice and Summary Notice as set forth in Paragraph 5 herein.

**7.** Any DPW Shareholder who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Stipulation, to the proposed Fee and Expense Award, and/or to the proposed Service Awards, may file an objection. An objector must file with the Court a written statement of his, her, or its objection(s): (a) clearly indicating the objector's name, mailing address, daytime telephone number, and e-mail address (if any); (b) stating that the objector is objecting to the proposed Settlement or awards of attorneys' fees and expenses in *Young et al. v. Ault et al.*, No. 2:18-cv-06587 (C.D. Cal.); (c) specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector

wishes to bring to the Court's attention or introduce in support of such objection; and (d) identifying and supplying documentation showing how many shares of DPW common stock the objector owned as of February 24, 2020, when the objector purchased or otherwise acquired such shares, and whether the objector still owns any such DPW shares.

8. The objector must file any such objections and supporting documentation with the Clerk of the Court, U.S. District Court Central District of California, Western Division, First Street Federal Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, not later than twenty-one (21) days prior to the Final Hearing, and, by the same date, copies of all such papers must also be received by each of the following persons:

**Counsel for Plaintiffs:**
Alex B. Heller, Esq.
FARUQI & FARUQI, LLP
1617 John F. Kennedy Boulevard, Suite 1550
Philadelphia, PA 19103

**Counsel for Defendants:**
Arash Shirdel, Esq.
PACIFIC PREMIER LAW GROUP
200 Sandpointe Avenue, Suite 500
Santa Ana, CA 92707

Sameer Rastogi, Esq.
SICHENZIA ROSS FERENCE LLP
1185 Avenue of the Americas, 37th Floor
New York, New York 10036

An objector may file an objection on his, her, or its own or through an attorney hired at his, her, or its own expense. If an objector hires an attorney for purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the counsel listed above and file such notice with the Court no later than twenty-one (21) days before the Final Hearing. Any DPW Shareholder who does not timely file and serve a written objection complying with the terms of this

paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

9. Any objector who files and serves a timely, written objection in accordance with the instructions above and herein, may appear at the Final Hearing either in person or through counsel retained at the objector's expense. Objectors need not attend the Final Hearing, however, in order to have their objections considered by the Court. Timely objectors or their attorneys intending to appear at the Final Hearing are required to indicate in their written objection (or in a separate notice filed with the Court and submitted to the counsel listed in the preceding paragraph no later than twenty-one (21) days prior to the Final Hearing) that they intend to appear at the Final Hearing and identify any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Hearing, except for good cause shown.

10. Defendants' Counsel and Plaintiffs' Counsel shall promptly furnish all Parties with copies of any and all objections and notices of intention to appear that come into their possession.

11. Any submissions by the Parties in support of final approval of the Settlement shall be filed with the Court and served at least twenty-eight (28) days before the Final Hearing, and any submissions by the Parties in opposition or response to objections or in further support of the Settlement shall be filed with the Court no later than seven (7) days before the Final Hearing.

12. Pending final determination of whether the Settlement should be approved, Plaintiffs and all other DPW Shareholders, and anyone who acts or purports to act through them or on their behalf, shall not institute, prosecute, participate in, or assist in the institution, prosecution, or assertion of, any Released Claim against any of the Released Persons.

**13.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, if the Settlement is terminated in accordance with the Stipulation. In such event, paragraph 18 of the Stipulation shall govern the rights of the Parties.

**14.** This Order shall not be construed or used as an admission, concession, or presumption by or against any of the Released Persons of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims that he, she, or it may have in the event that the Stipulation is terminated, nor shall it be used in any manner prohibited by paragraphs 19–21 of the Stipulation. In the event this Order becomes null and void, it shall not be construed or used as an admission, concession, or presumption by or against the Released Persons or the Plaintiffs.

**15.** All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or related to the Settlement.

**16.** The Court reserves the right to approve the Stipulation and the Settlement with modifications agreed to by the Parties without further notice to DPW Shareholders. The Court further reserves the right to adjourn or reschedule the date of the Final Hearing without further notice to DPW Shareholders, and retains jurisdiction to consider all further matters related to the Action or the Settlement.

SO ORDERED this _____ day of _____, 2020.

_____
The Honorable S. James Otero
United States District Court Judge