# EXHIBIT C

**EXHIBIT C**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN YOUNG and GREG YOUNG, Derivatively on Behalf of Nominal Defendant, DPW HOLDINGS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MILTON C. AULT III, AMOS KOHN, WILLIAM B. HORNE, and KRISTINE AULT, <br><br> Defendants, <br><br> and <br><br> DPW HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 2:18-cv-06587-SJO-PLA |

## NOTICE OF PROPOSED SETTLEMENT

TO: **ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF DPW HOLDINGS, INC. ("DPW" OR THE "COMPANY") AS OF FEBRUARY 24, 2020 ("CURRENT DPW STOCKHOLDERS") (EXCLUDING DEFENDANTS) AND THEIR SUCCESSORS-IN-INTEREST.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF SHAREHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT**

**INFORMATION REGARDING YOUR RIGHTS. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION.**

**PLEASE NOTE THAT THIS ACTION IS NOT A "CLASS ACTION" AND NO INDIVIDUAL SHAREHOLDER HAS THE RIGHT TO BE COMPENSATED AS A RESULT OF THE SETTLEMENT OF THIS ACTION.**

YOU ARE HEREBY NOTIFIED, pursuant to an order of the United States District Court for the Central District of California (the "Court"), that a proposed Settlement[1] has been reached between and among Defendants and Plaintiffs Ethan Young and Greg Young in the consolidated shareholder derivative action styled *Young et al. v. Ault et al.*, Case No. 2:18-cv-06587-SJO-PLA (the "Action"). This Notice is not an expression of any opinion by the Court with respect to the truth of the allegations in the Action or the merits of the claims or defenses asserted by or against any party. It is solely to notify you of the terms of the proposed Settlement, and your rights related thereto. The terms of the proposed settlement are set forth in a Stipulation and Agreement of Settlement dated February 24, 2020 (the "Stipulation"). This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court and is attached hereto.

## I. WHY THE COURT HAS ISSUED THIS NOTICE

Your rights may be affected by the Settlement of the Action. The Parties have agreed upon terms to settle the Action and have signed the Stipulation setting forth the Settlement terms.

## II. SUMMARY OF THE SHAREHOLDER MATTERS SUBJECT TO THE SETTLEMENT

On July 31, 2018, DPW's stockholders Ethan Young and Greg Young filed a Verified Shareholder Derivative Complaint in the Central District of California, captioned *Young, et al. v. Ault, et al.*, 2:18-cv-06587-SJO-PLA (the "Initial Complaint"). The Initial Complaint alleged, in part, that the Individual Defendants, who are current and former officers and directors of the Company, allegedly breached their fiduciary duties and were unjustly enriched. On November 28, 2018, the Defendants filed a Motion to Dismiss the Initial Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for failure to make a pre-suit demand on

---

[1] All capitalized terms herein have the same meanings as set forth in the Stipulation.

the Company's board or to plead particularized facts to show that such a demand would be futile, as required by Delaware Court of Chancery Rule 23.1. The Motion to Dismiss was fully briefed. On February 25, 2019, the Court granted, and denied, in part the Motion to Dismiss the Initial Complaint with leave to amend.

On March 11, 2019, Plaintiffs filed their First Amended Verified Shareholder Derivative Complaint (the "Amended Complaint"). On March 25, 2019, the Defendants filed a Motion to Dismiss the Amended Complaint. The Parties fully briefed the Motion to Dismiss the Amended Complaint. On May 21, 2019, the Court issued an order granting, and denying, in part the Motion to Dismiss the Amended Complaint (the "May 21, 2019 Order), which the Court: (i) dismissed Jeff Bentz, Robert O. Smith and Mordechai Rosenberg; and (ii) held, inter alia, that with respect to the other Defendants named in the Amended Complaint, Plaintiffs (a) adequately pled demand futility, (b) sufficiently alleged claims for breach of fiduciary duty related to certain transactions, (c) adequately pled a claim for unjust enrichment. The May 21, 2019 Order also permitted Plaintiffs to proceed with claims related to: (i) claims based on transactions with related parties; (ii) claims based on loans and other debt financing; and (iii) claims based on stock issuances. The Court granted leave to amend, but the Plaintiffs did not further seek to amend the complaint.

On August 7, 2019, Plaintiffs propounded Requests for the Production of Documents, to which Defendants timely served responses and objections on September 6, 2019.

On October 21, 2019, the Parties and the Defendants' directors' and officers' liability insurer participated in a day-long mediation in New York, New York (the "Mediation"), which was presided over by Jed D. Melnick, Esq. of JAMS (the "Mediator"). At the Mediation, the Parties reached an agreement in principle with respect to the material terms of the corporate governance reforms to be instituted by DPW, as set forth in this Stipulation (the "Settlement"). As consideration for the Settlement, DPW will institute corporate governance reforms, the terms of which are fully set forth in Exhibit A attached hereto (the "Reforms"). Only after agreeing in principle to the material terms of the Reforms to be instituted by DPW did the Parties begin to negotiate, with the assistance of the Mediator, the attorneys' fees and expenses to be paid to Plaintiffs' counsel. The Parties did not reach an agreement on attorneys' fees and expenses at Mediation.

Following Mediation, with the assistance of the Mediator, the Parties continued to discuss attorneys' fees and expenses to be paid by the Defendants' insurance carrier. On October 28, 2019, the Parties reached an agreement on the attorneys' fees and expenses to be paid to Plaintiffs' counsel.

As a result of the extensive, arm's length negotiations among the Parties, on January 21, 2020 the Parties finalized the complete terms of the Reforms as set forth in Exhibit A to the Stipulation, which includes the material terms that the Parties agreed to at Mediation.

### III.    TERMS OF THE PROPOSED SETTLEMENT

The principal terms, conditions, and other matters that are part of the Settlement are subject to approval by the Court and a number of other conditions.  The full terms and conditions of the Settlement are embodied in the Stipulation, which is on file with the Court and may also be viewed on the Investor Relations portion of the DPW website.  As set forth therein, DPW agrees to adopt and/or maintain extensive corporate governance measures and procedures, as outlined in Exhibit A to the Stipulation, within thirty (30) days of issuance of the Judgment.  The Reforms shall be maintained for at least five (5) years following the issuance of the Judgment, subject to certain terms and conditions set forth in the Stipulation.

### IV.    DISMISSAL OF THE ACTION AND RELEASE OF CLAIMS

If the Settlement is approved, the Parties will request that the Court enter a Final Judgment (the "Judgment").  Pursuant to the Judgment, upon the Effective Date of the Settlement, the Released Claims will be released against the Released Persons and the Action will be dismissed with prejudice. If approved by the Court, the Settlement will permanently bar and enjoin the institution and prosecution by any DPW shareholders, derivatively on behalf of DPW against Released Persons of any of the Released Claims.

### V.    ATTORNEY FEES AND EXPENSES FOR SHAREHOLDERS' COUNSEL AND SHAREHOLDERS' INCENTIVE AWARDS

The maximum amount of aggregate fees and expenses that will be sought by Shareholders' Counsel is $600,000 and will be paid entirely by Defendants' insurance carrier.  To date, Shareholders' Counsel have not received any payments for their efforts on behalf of DPW and its stockholders.  Any fee awarded by the Court is designed to compensate Shareholders' Counsel for the results achieved on behalf of the Company in response to the Action, and the costs associated with development, prosecution, and settlement of the Action. Shareholders Ethan Young and Greg Young will be seeking Service Awards in an amount up to $2,500 each for their participation in the Action. Such Service Awards shall be paid from the Fee and Expense Award received by Shareholders' Counsel.

## VI.  REASONS FOR THE SETTLEMENT

The Parties have determined that it is desirable and beneficial that the Action, and all of their disputes related thereto, be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

### A.  Why Did the Plaintiffs Agree to Settle?

Plaintiffs believe that the claims asserted in the Action on behalf of DPW have merit. The Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action. Plaintiffs and Plaintiffs' Counsel have also taken into account the uncertain outcome and the risk of continued litigation as well as the difficulties and delays inherent in such litigation. Based on their evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the Settlement set forth in the Stipulation is in the best interests of DPW and that it confers material benefits upon DPW and its stockholders.

### B.  Why Did the Defendants Agree to Settle?

Defendants have denied, and continue to deny, each and all of the allegations made by the Plaintiffs in the Action, and furthermore maintain that they have meritorious defenses thereto. The Individual Defendants have further asserted and continue to assert that at all times they acted in good faith and in a manner they reasonably believed to be and that was in the best interests of DPW and its stockholders. Nonetheless, Defendants have concluded that further litigation may be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. Defendants have, therefore, determined that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VII.  SETTLEMENT HEARING

On _____, 2020 at _.m., a hearing (the "Settlement Hearing") will be held before the Honorable S. James Otero in Courtroom 10C of the United States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, California 90012, pursuant to Federal Rule of Civil Procedure 23.1, to, among other things: (i) determine whether the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Company and its shareholders; (ii) consider any objections to the Settlement submitted in accordance with the Notice; (iii) determine whether a Judgment substantially in the form attached as Exhibit E to the Stipulation should be entered dismissing all claims in the Action with prejudice and releasing

the Released Claims against the Released Persons; (iv) consider the Fee and Expense Award; (v) consider the payment to the two Plaintiffs in the Action of Service Awards in an amount not to exceed $2,500.00 each, which will be funded from the Fee and Expense Award; and (vi) consider any other matters that may properly be brought before the Federal Court in connection with the Settlement.  If the Settlement is approved, you will be subject to and bound by the provisions of the Stipulation, the releases contained therein, and by all orders, determinations, and judgments, including the Judgment concerning the Settlement.

Pending final determination of whether the Settlement should be approved, no DPW stockholder, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, an action or proceeding in any court, administrative agency, or other tribunal asserting any of the Released Claims.

## VIII. RIGHT TO ATTEND FINAL HEARING

You may enter an appearance in the Action, at your own expense, individually or through counsel of your choice.  If you want to object at the Final Hearing, then you must first comply with the procedures for objecting, which are set forth below.  The Court has the right to change the hearing dates or times without further notice.  Thus, if you are planning to attend the Final Hearing, you should confirm the date and time before going to the Court.  If you have no objection to the Settlement, you do not need to appear at the Settlement Hearing or take any other action.

## IX.   THE PROCEDURES FOR OBJECTING TO THE SETTLEMENT

Any Current DPW Stockholder may object to the Settlement of the Action, the proposed Final Judgment, and/or the proposed Fee and Expense Award, and may also (but need not) appear in person or by his, her, or its attorney at the Final Hearing. To object, such stockholders must submit copies of: (a) a written statement identifying such person's or entity's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) proof of current ownership of DPW common stock, including the number of shares of DPW common stock and the date or dates of purchase; (c) a written statement explaining the person's or entity's objection and the reasons for such objection; and (d) any documentation in support of such objection.  If the stockholder wishes to appear at the Final Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing.  Such materials must be filed with the Clerk of the United States District Court for the Central District of California and sent by first class mail to the following addresses and postmarked at least twenty-one (21)

calendar days before the Final Hearing:

> FARUQI & FARUQI, LLP
> Alex B. Heller
> 1617 John F. Kennedy Bld., Suite 1550
> Philadelphia, PA 19103
>
> *Counsel for Plaintiffs*
>
> PACIFIC PREMIER LAW GROUP
> Arash Shirdel
> 200 Sandpointe Avenue, Suite 500
> Santa Ana, CA 92707
>
> SICHENZIA ROSS FERENCE LLP
> Sameer Rastogi
> 1185 Avenue of the America, 37th Floor
> New York, New York 10036
>
> *Counsel for Defendants*

Any person or entity who fails to object in the manner described above shall be: (i) deemed to have waived any objection to the Settlement, Final Judgment, Fee and Expense Award, and Service Awards; (ii) barred from raising such objection in this Action or any other action or proceeding; and (iii) bound by the Final Judgment and the releases of claims therein.

Current DPW Stockholders that have no objection to the Settlement, Final Judgment, Fee and Expense Award, or Service Awards do not need to appear at the Final Hearing or take any other action.

## X. HOW TO OBTAIN ADDITIONAL INFORMATION

This Notice summarizes the Stipulation. It is not a complete statement of the events of the Action, or the terms of the Settlement contained in the Stipulation. The Stipulation may be viewed on the Investor Relations portion of the DPW website.

Inquiries about the Action or the Settlement may be made to Plaintiffs' Counsel: Alex B. Heller, Faruqi & Faruqi, LLP, 1617 John F. Kennedy Blvd., Suite 1550, Philadelphia, PA 19103, (215) 277-5770.

**<u>PLEASE DO NOT CONTACT THE CLERK OF THE COURT REGARDING THIS NOTICE</u>**

DATED: _____, 2020     BY ORDER OF THIS COURT  
UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA