UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6587 PA (PLAx) | Date | April 15, 2020 |
|---|---|---|---|
| Title | Ethan Young et al. v. Milton C. Ault, III et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is an unopposed Motion for Preliminary Approval of Settlement filed by plaintiffs Ethan Young and Greg Young ("Plaintiffs"). (Dkt. 78 ("Mot.").) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

**I.     Background**

Plaintiffs are stockholders of DPW Holdings, Inc. ("DPW") who have brought this shareholder derivative action. Defendants Milton C. Ault III and Kristine Ault acquired a controlling interest in DPW in September 2016. Subsequently, DPW devolved from having a positive working capital to being insolvent. Plaintiffs allege the losses incurred by DPW stemmed from Defendants' mismanagement of the Company and breaches of their fiduciary duty to their investors.

Plaintiffs filed a Complaint on July 31, 2018 naming defendants Milton C. Ault III, Amos Kohn, William B. Horne, Jeff Bentz, Mordechai Rosenberg, Robert O. Smith, Kristine Ault, and Nominal Defendant DPW Holdings, Inc. ("Defendants"). On November 28, 2018, Defendants filed a Motion to Dismiss the Complaint. On February 25, 2019, the Court granted in part and denied in part the Motion to Dismiss the Complaint with leave to amend. On March 11, 2019, Plaintiffs filed a First Amended Complaint asserting various claims for breach of fiduciary duty and unjust enrichment. On March 25, 2019, Defendants filed a Motion to Dismiss the First Amended Complaint.

On May 21, 2019, the Court issued an order granting in part and denying in part the Motion to Dismiss the FAC: (1) the Court dismissed the causes of action against Committee Member Directors Jeff Bentz, Robert O. Smith, and Mordechai Rosenberg without leave to amend, and (2) the Court held that, with respect to the other named defendants, Plaintiffs sufficiently alleged claims for breach of fiduciary duty related to certain transactions, and adequately pled a claim for unjust enrichment. Specifically, the Court allowed the following breach of fiduciary duty claims to proceed: (1) claims based on transactions with AVLP, a related party, (2) claims based on future receipt agreements, and (3) claims based on stock issuances. On June 27, 2019, Defendants filed an Answer to the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6587 PA (PLAx) | Date | April 15, 2020 |
|---|---|---|---|
| Title | Ethan Young et al. v. Milton C. Ault, III et al. | | |

On October 21, 2019, the parties and Defendants' liability insurance carrier participated in mediation with Jed D. Melnick, Esq. of JAMS. The parties reached an agreement with respect to the material terms of the corporate governance reforms that DPW will implement. The terms of the corporate governance reforms are articulated in Exhibit A attached to the Motion. On October 28, 2019, the Parties reached an agreement on Plaintiffs' attorneys' fees and expenses. Plaintiffs now request the Court: (i) preliminarily approve the Settlement set forth in the Stipulation; (ii) approve the form of the Notice and Summary Notice, and direct the dissemination of the Notice and Summary Notice as contemplated by the Stipulation; and (iii) schedule a Final Hearing to entertain any objections by DPW Shareholders and to consider final approval of the Settlement.

**II.     Fairness of the Proposed Settlement**

Under Rule 23.1, a shareholder derivative action "may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23.1(c). Approval of a derivative action involves a two-step process that is similar to that employed for approving class action settlements. See In re MRV Communs., Inc. Derivative Litig., 2013 U.S. Dist. LEXIS 86295, at *7 (C.D. Cal. June 6, 2013). The Court first determines whether a proposed settlement deserves preliminary approval. See id.; In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007) ("The preliminary determination establishes an initial presumption of fairness.") (citation omitted).

The Court must balance the following factors to determine whether a settlement is fair, adequate, and reasonable: the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. See Mego Financial Corp. Sec. Litig., 213 F.3d 454, 459 (9th Cir. 2000) (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)); Officers for Justice v. Civil Service Comm'n, 688 F.2d 615, 625 (9th Cir. 1982)); Fed. R. Civ. P. 23(e). Here, there was no governmental participant in this action. With respect to the final factor, the Court will examine the reaction of the shareholders to the proposed settlement rather than the reaction of "class members." See In re MRV Communs., 2013 U.S. Dist. LEXIS 86295, at *8-9.

Because this is the preliminary approval stage, some of these factors cannot be fully assessed. Thus, a full fairness analysis is unnecessary. See Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008). The Court need only review the parties' proposed settlement to determine whether it is within the permissible "range of possible judicial approval" and, thus, whether the notice to the shareholders and the scheduling of the formal fairness hearing is appropriate. Wright v. Linkus Enters., Inc., 259 F.R.D. 468, 472 (E.D. Cal. 2009). "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6587 PA (PLAx) | Date | April 15, 2020 |
|---|---|---|---|
| Title | Ethan Young et al. v. Milton C. Ault, III et al. | | |

between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." Hanlon, 150 F.3d at 1027 (quoting Officers for Justice, 688 F.2d at 625)).

For the reasons discussed below, the Court provisionally finds that the Settlement Agreement is fair, reasonable, and adequate. Plaintiff's Motion is therefore granted.

  **A.**  **Amount Offered in Settlement Agreement**

"The principal factor to be considered in determining the fairness of a settlement concluding a shareholders' derivative action is the extent of the benefit to be derived from the proposed settlement by the corporation, the real party in interest." In re Atmel Corp. Derivative Litig., 2010 U.S. Dist. LEXIS 145551, 2010 WL 9525643, at *12 (N.D. Cal. Mar. 31, 2010) (citation omitted). As part of the Settlement Agreement, DPW's Board of Directors will adopt several corporate governance reforms ("Reforms") set forth in Exhibit A of the Stipulation. (See Mot. at 11; Ex. A.) The parties believe these proposed Reforms "directly address the allegations made in the Action that this Court sustained pursuant to the May 21, 2019 Order." (Id.)

The Reforms include the following institutional changes: (1) removal of a non-independent director from the Board and appointment of two new independent directors, so that the board is composed of five independent directors and two non-independent directors; (2) instituting heightened independence requirements for Board members to qualify as independent; (3) appointing two new independent directors to a three-member Governance Committee, which will be charged with reviewing related party transactions subject to a newly created related party transaction policy; (4) instituting an enhanced definition for identifying related parties; (5) tasking the Governance Committee with reviewing the Company's issuance of stock; (6) requiring the Company's Audit Committee to review all debt financing, including loans and future receipts agreements, and (7) amending the Company's Bylaws, Audit Committee Charter, whistle-blower policy, and compensation clawback policy. (Id.) The parties state that "the Company approved the settlement only after determining that the . . . institution of the Reforms[] substantially benefits the Company." (Id. at 14-15 (citing Stip. ¶¶2, 7.)

In addition, DPW has agreed to pay Plaintiffs' counsel a Fee and Expense Award of $600,000 for attorneys' fees and expenses. (Id. at 17; Stip. ¶ 7.) This amount was agreed upon by the Parties and Defendants' directors and officers liability insurance carrier. Plaintiffs will also request Court approval of case contribution awards of $2,500 for each Plaintiff. (Id. at 18.) These awards would be funded from the Fee and Expense Award, if approved by the Court. (Id.) Other courts have routinely approved similar incentive awards to compensate plaintiffs for their services and the potential risks incurred by participating in the litigation. See, e.g., In re McKesson HBOC, Inc. ERISA Litig., 391 F. Supp. 2d 844, 851 (N.D. Cal. 2005) (approving $5,000 incentive awards); In re PayPal Litig., No. C-02-1227-JF PVT, 2004 WL 2445244, at *2 (N.D. Cal. Oct. 13, 2004) (approving $2,500 incentive awards).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6587 PA (PLAx) | Date | April 15, 2020 |
|---|---|---|---|
| Title | Ethan Young et al. v. Milton C. Ault, III et al. | | |

At this stage of the proceedings, and based on the information presently before it, the Court finds that the amount offered in the Settlement Agreement, as well as the proposed corporate governance reforms, weigh in favor of preliminary approval.

> **B.    Strength of Plaintiff's Case; the Risk, Expense, Complexity, and Likely Duration of Further Litigation; and the Extent of Discovery Completed and the Stage of the Proceedings**

The parties claim that "continued litigation would be extremely complex, costly, and of substantial duration." (Mot. at 16.) It appears that document discovery has not yet been completed, and the parties have not finished taking depositions or designated experts. (Id.) In addition, Defendants anticipate filing motions for summary judgment. (Id.) Plaintiffs acknowledge that "liability [is] by no means a foregone conclusion" in this case, and there is a "very real risk of no recovery." (Id. at 14, 16.) Moreover, even if Plaintiffs are successful at trial, there is no guarantee that the judgment would ultimately be sustained on appeal or by the trial court. (Id. at 16.) For these reasons, the parties believe the proposed settlement will eliminate the expenses and risks associated with continued litigation.

It appears that the parties have spent a significant amount of time considering the issues and facts in this case and are in a position to determine whether settlement is a viable alternative. These factors therefore favor granting preliminary approval to the Settlement Agreement.

> **C.    The Experience and Views of Counsel**

The parties state they have all "independently considered the Settlement, and they all agree that it is in the best interests of DPW and DPW Shareholders." (Id. at 16; Stip §§ I, 2, 7.) In addition, Plaintiffs' counsel contends they have "extensive experience in the area of shareholder representative litigation" and therefore have "unique insight into the legal and factual issues presented." (Id. at 16.) Based on this experience, Plaintiffs' counsel believes the settlement is "an outstanding result for DPW and DPW Shareholders." (Id.)

At this stage of the proceedings, and based on the information presently before it, the Court finds that counsels' belief that the Settlement Agreement is both fair and adequate also weighs in favor of preliminary approval.

> **D.    Collusion Between the Parties**

"[T]he settlement may not be the product of collusion among the negotiating parties." Mego, 213 F.3d at 458. Here, there is no evidence of overt misconduct. On the contrary, it appears that the Settlement Agreement was the product of informed, arms-length negotiations between the parties. (See Mot. at 14-18.) In addition, "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." Satchell v. Fed. Express Corp., 2007 WL 1114010, at *4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6587 PA (PLAx) | Date | April 15, 2020 |
|---|---|---|---|
| Title | Ethan Young et al. v. Milton C. Ault, III et al. | | |

(N.D. Cal. Apr. 13, 2007); see also Hefler v. Wells Fargo & Co., 2018 WL 4207245, at *9 (N.D. Cal. Sept. 4, 2018) ("in light of the fact that the Settlement was reached after the parties engaged in motion practice and participated in multiple days of formal mediation, the Court concludes that the negotiations and agreement were non-collusive."). Finally, as already discussed, Plaintiffs' requested contribution awards do not appear improper at this stage. Based on the information presently available to it, the Court finds that the Settlement Agreement is the product of non-collusive negotiations.

### III. Notice to DPW Shareholders

Rule 23.1 provides that "Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c). The Ninth Circuit has "generally held notice to be satisfactory where it 'describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" In re Hewlett-Packard Co. S'holder Derivative Litig., 716 F. App'x 603, 609 (9th Cir. 2017) (quoting Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004)).

The parties believe that individual notice is not necessary here because no individual claims are at stake and "a direct notice program would be costly enough to swallow up the benefits of most derivative settlements." (Mot. at 18.) The parties therefore propose notice by publication. Specifically, the parties propose providing notice of the settlement to DPW shareholders as follows: (1) publish the Summary Notice, (Stip. Ex. D), via a press release to be widely distributed by a reputable press release distribution service; (2) file the Summary Notice in a Current Report on a Form 8-K with the SEC that includes a link to the Stipulation and Notice (Stip. Ex. C) that shall be posted on the Investor Relations portion of DPW's website; and (3) posting the Notice and Stipulation on the Investor Relations portion of DPW's corporate website. (Id.; Stip. ¶ 6.)

Other courts have approved similar forms of notice in shareholder derivative actions. See, e.g., Bushansky v. Armacost, 2014 WL 2905143, at *7 (N.D. Cal. June 25, 2014) ("The proposed notice plan shall include the following elements: a link on Chevron's investor relations website that leads to a webpage to be displayed for a minimum of thirty days; an 8–K filing with the SEC; and a press release to be issued by Chevron."); In re Rambus Inc. Derivative Litig., 2009 WL 166689, at *2 (N.D. Cal. Jan. 20, 2009) ("Following preliminary approval, a Notice of Settlement ("Notice") was published in a press release and carried on Business Wire on November 7, 2008, and filed on a Form 8–K with the U.S. Securities and Exchange Commission on November 10, 2008. . . . In addition, Rambus posted the Notice on the company's website.").

The Court has reviewed the proposed Notice and Summary Notice, which clearly and adequately describe the terms of the Settlement Agreement; outline the protocol for DPW Shareholders to object to the proposed Settlement; explain the claims and defenses in the lawsuit; provide the contact information for lead counsel; identify the amount of attorneys' fees and expenses to be awarded to Plaintiffs' counsel, and the contribution awards for the named Plaintiffs; and will identify the date of the Final

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6587 PA (PLAx) | Date | April 15, 2020 |
|---|---|---|---|
| Title | Ethan Young et al. v. Milton C. Ault, III et al. | | |

Hearing.  In order to provide additional clarity on the process for reviewing the court records in this case, the Court orders the parties to include the following statement in both the Notice and Summary Notice: "The foregoing is only a summary of the Litigation and the proposed settlement.  For complete information, you may review the Court's publicly available filings, which may be obtained from the Records Department of the Clerk's Office for the United States District Court, Central District of California.  More information is available at http://www.cacd.uscourts.gov/records."

Accordingly, the parties are ordered to issue notice in substantially the same form of the Notice and Summary Notice submitted for the Court's approval, and pursuant to the notice plan set forth by the parties in their briefing, with the proposed modification discussed above.

### Conclusion

Plaintiffs' Motion for Preliminary Approval of Settlement is granted.  The Court approves the proposed settlement and the proposed Notice and Summary Notice to DPW shareholders, with the modifications discussed in this Order.  All previously scheduled pretrial and trial dates are vacated.  The Court hereby issues the following deadlines:

1. The deadline for filing the Summary Notice in a Current Report on a Form 8-K with the U.S. Securities and Exchange Commission, publishing the Summary Notice via a press release, and posting the Notice together with the Stipulation (and with Exhibit A to the Stipulation) on DPW's corporate website is no later than **10 days from the date this order is entered.**

2. The fairness hearing for final approval of the proposed Settlement Agreement is set for **June 29, 2020 at 1:30 p.m.**

3. A motion for final approval of the Settlement Agreement and the Fee and Expense Award shall be filed on or before **June 1, 2020**.

4. Any shareholder who wishes to object to the proposed Settlement Agreement must do so in writing.  The deadline for sending written objections to the settlement is **June 8, 2020**.

5. The deadline for Plaintiff and/or Defendant to file any written response to shareholders' objections is **June 22, 2020.**  Plaintiffs' Counsel must also submit any shareholders' written objections to the Court by **June 22, 2020.**

To the extent the deadlines in this Order differ from the parties' Settlement Agreement, the parties are to follow the deadlines as set forth in this Order.

IT IS SO ORDERED.